PETERSEN *v.* LUNDIN.

1. NEGLIGENCE—MOTOR VEHICLES—JURY QUESTION.

Evidence justifying the jury in finding that defendant was driving his automobile at a speed of 20 miles an hour when it struck and killed a pedestrian on a public cross walk, that the night was dark, and that mist gathering on the windshield limited his view to the small space cleared by an automatic wiper, was sufficient to take to the jury the question of defendant's negligence.[1]

2. SAME—CONTRIBUTORY NEGLIGENCE.

The care required by law of a pedestrian crossing a public street to avoid being struck by an approaching automobile is exercised or not as he approaches the path of the automobile rather than at the point where he is struck.[2]

3. SAME—EXERCISE OF DUE CARE PRESUMED WHERE NO EYEWITNESS OF ACCIDENT.

Where there are no eyewitnesses, the law presumes the exercise of due care on the part of a pedestrian struck by an automobile while crossing a public street.[3]

4. SAME—WHEN PRESUMPTION THAT DUE CARE WAS EXERCISED SHOULD BE INDULGED.

Notwithstanding testimony by defendant, the only eyewitness of the accident, who was called by plaintiff for cross-examination under the statute, that decedent was not exercising due care, the presumption that he was exercising due care should still be indulged, since defendant's view of decedent was limited to the very moment he was struck, and he gave no testimony as to the care taken by decedent before he got in the path of the automobile.[4]

5. SAME—TRIAL—INSTRUCTIONS.

Under the circumstances of this case, the trial court was not in error in instructing the jury that they should assume that decedent saw the approaching automobile,

[1]Motor Vehicles, 28 Cyc. p. 48; [2]Municipal Corporations, 28 Cyc. p. 914; [3]Death, 17 C. J. § 167; [4]Id., 17 C. J. § 167.

since said instruction was no more than the application of the presumption that decedent was exercising due care.[5]

6. SAME—CONTRIBUTORY NEGLIGENCE—TEST APPLIED TO PEDESTRIAN CROSSING CROSS WALK.

   A pedestrian crossing a street at a cross walk on a dark, misty night, is not required to continue looking at an approaching automobile, but if, having looked, it appears to him safe to cross, he may proceed, and his care is not to be determined solely by the fact that he was struck and was not at that second looking at the automobile.[6]

Error to Menominee; Flannigan (Richard C.), J. Submitted October 22, 1926. (Docket No. 132.) Decided December 8, 1926.

Case by Carrie Petersen, administratrix of the estate of Andrew Petersen, deceased, against Gust Lundin for the negligent killing of plaintiff's decedent. Judgment for plaintiff. Defendant brings error. Affirmed.

*M. P. Sawyer*, for appellant.

*John J. O'Hara* (*Matt F. Bilek*, of counsel), for appellee.

WIEST, J.     The 10th day of November, 1924, a few minutes after 6 o'clock p. m., Andrew Petersen, while crossing Stephenson avenue at the intersection of Ingalls street in the city of Menominee, was struck by an automobile driven by defendant and received injuries causing his death about four hours later. This suit was brought by the administratrix of Mr. Petersen's estate, and resulted in a verdict and judgment against defendant.

On review, by writ of error, defendant claims there was no evidence of negligence on his part; that Mr. Petersen was guilty of contributory negligence as a matter of law; and the court erred in instructing the

[5]Death, 17 C. J. § 182; [6]Municipal Corporations, 28 Cyc. p. 914.

jury "you must assume that he saw the automobile coming."

Just before the accident it had been raining and there was mist and fog. The mist gathered on the windshield of the automobile and limited the view of the driver to the small space cleared by the automatic wiper. This gave the driver only a view straight ahead, cutting off all side view. From the evidence the jury had a right to find that defendant was driving at a speed of 20 miles an hour. Considering the darkness, mist and fog, the limited vision afforded through the windshield, the speed defendant was driving and the fact the accident occurred on a cross walk, we think there was evidence to go to the jury upon the question of defendant's negligence.

Defendant was the only eyewitness of the accident and was called by plaintiff for cross-examination under the statute. It is claimed that his testimony established contributory negligence on the part of Mr. Petersen. In behalf of defendant it is said that the presumption of care allowed by law in cases where there are no eyewitnesses cannot be indulged because defendant was an eyewitness and his testimony established want of care on the part of Mr. Petersen. Defendant's testimony was limited to a view of decedent at the very moment he was in front of the automobile and just as he was struck. Defendant did not see decedent before he was in front of the automobile, and the case is barren of witness evidence of what care decedent exercised before he got in the path of the automobile. The fact decedent was in a place of danger did not require a finding of want of care, for this would make the happening of the accident evidence of contributory negligence on his part, and this can no more be done with reference to contributory negligence that it can upon the question of defendant's negligence. The care required of Mr.

Petersen was exercised or not as he approached the path of the automobile and at such point defendant did not see him. In the absence of testimony showing the actions of Mr. Petersen as he approached the path of the oncoming automobile, the law permitted the presumption of due care on his part to carry the issue to the jury. This being true, the court was not in error in instructing the jury that they should assume Mr. Petersen saw the automobile. Such instruction was no more than the application of the presumption that Mr. Petersen was exercising due care.

The ruling asked in behalf of defendant would, in effect, make a pedestrian guilty of negligence as a matter of law if he so conducted himself as to get into the path of an automobile. On a dark, misty night the distance automobile lights are away is somewhat deceptive, and also the speed of an automobile. Persons do get in the path of automobiles even while exercising due care. There is no rule of law requiring a pedestrian to rivet his eyes on an approaching automobile. He should look but if, having looked, it appears safe to cross, he may proceed, and his care is not to be determined solely by the fact he was struck and was not at that second looking at the automobile.

What was said by Mr. Justice STEERE, writing for the court in *Patterson* v. *Wagner,* 204 Mich. 593, is apropos here:

"On the assignment of error that deceased was guilty of contributory negligence which precluded recovery and for that reason a verdict should have been directed for defendant, it is to be borne in mind that this accident occurred at a crossing and the injured party is dead. His mouth is closed as to how he came there, what observations he made, whether or not he looked before starting to cross, if so, what judgment he exercised in regard to what he observed. * * * It is true when there are eyewitnesses to the accident, the legal presumption that a decedent was free from

236—Mich.—38.

contributory negligence does not obtain to the full extent as in cases where there were none (*Baker* v. *Delano,* 191 Mich. 204), but no witness is shown to have observed deceased until he stepped off the curb into the street at or near a proper crossing for foot passengers, where he had a right to be, and apparently reason to go, on his way home, and where it was also defendant's duty to exercise special care in anticipation both of crossing pedestrians and vehicles."

In *McMahon* v. *Flynn,* 154 Minn. 326 (191 N. W. 902), in the trial court the following instruction was requested:

" 'You are instructed that if decedent saw or could have seen the approaching automobile and the speed thereof, when he attempted to cross the street, your verdict must be for the defendant.' "

In holding the instruction properly refused the court stated:

"Pedestrians have not yet become outlaws at street crossings.    At night it is not easy for a pedestrian to judge of the speed of an approaching auto with glaring headlights.    Drivers must realize that fact and slow down at street intersections when people are crossing in front of them.    All pedestrians are not sprinters.    Their use of crossings is not subordinate to the auto driver's use."

We find no reversible error and the judgment is affirmed, with costs to plaintiff.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, CLARK, and MCDONALD, JJ., concurred.