## ARNDT *v.* GRAYEWSKI.

1. Automobiles—Pedestrians—Contributory Negligence—Question for Jury.

> Question of contributory negligence of pedestrian, who was fatally injured while crossing highway 72 feet wide about midnight early in August when struck by defendant's car being driven 20 to 23 miles per hour within 15 to 20 feet behind another car which veered slightly to right and missed hitting plaintiff's decedent, *held,* for jury.

2. Same — Contributory Negligence — Evidence — Credibility — Question for Jury.

> Statement, not under oath, of driver of car preceding car which struck plaintiff's decedent, a pedestrian, by but 15 to 20 feet, that he, the driver, veered his car to right and decedent then ran into path of defendants' car following, unexplained as to manner in which he made or could have made such observation, rendered credit to be given his statement a question for jury and not for the court, where statement is disputed by the physical facts and testimony of one of the defendants and was made while his friends, the defendants, were in custody of the police.

3. Witnesses—Credibility of Statements or Testimony.

> Neither party litigant should be bound by any statement or testimony that is not credited by the jury no matter by whom such testimony is offered and it is not conclusive upon either court or jury if facts and circumstances of the case are such as irresistibly lead the mind to a different conclusion.

Appeal from Wayne; Richter (Theodore J.), J. Submitted January 12, 1937. (Docket No. 106, Calendar No. 39,333.) Decided March 2, 1937.

Case by William A. Arndt, administrator of the estate of Margaret Arndt, deceased, against Raymond Grayewski and Joseph Grayewski for personal injuries resulting in death of deceased, sustained

when she, a pedestrian, was struck by defendants' automobile. Verdict for plaintiff. Judgment for defendants *non obstante veredicto*. Reversed and judgment ordered entered on verdict.

*Belding & Fisk* (*Hugh K. Davidson*, of counsel), for plaintiff.

*Ernest P. LaJoie*, for defendants.

CHANDLER, J. This is an action brought by William A. Arndt, administrator of the estate of Margaret Arndt, deceased, against Raymond Grayewski and Joseph Grayewski, as defendants, to recover damages for injuries, resulting in the death of plaintiff's decedent, alleged to be due to the negligence of defendant Joseph Grayewski as driver of a car owned by defendant Raymond Grayewski.

On Sunday evening, August 5, 1934, plaintiff's decedent had attended a church festival near the intersection of Schaefer highway and Warren avenue in the city of Detroit. At about 11:30 o'clock she left the church festival and proceeded westerly on Warren avenue to a point between Horger avenue and the tracks of the Pennsylvania Railway which intersect Warren avenue. The decedent then started to cross to the south side of Warren avenue. As she did so two cars approached from the west. The first car was driven by Harry Kozlowski. The second car was driven by defendant Joseph Grayewski, and both cars appear to have been traveling at a rate of speed between 20 and 23 miles per hour.

Warren avenue at the place of the accident is from 72 to 80 feet in width with street car tracks in the middle paralleling said avenue. The car driven by Joseph Grayewski was from 15 to 20 feet behind

the first car, and the car so driven by him struck plaintiff's decedent who sustained injuries resulting in her death on August 9, 1934.

Decedent after the accident was found about two or three feet south of the street car track.

Defendant Raymond Grayewski, the owner of the car, was a passenger in his own car at the time of the accident, so the car was being driven by defendant Joseph Grayewski with the knowledge, consent and approval of the owner.

The case was submitted to the jury by the trial judge who, however, reserved the right to enter judgment *non obstante veredicto,* and the jury rendered a verdict in favor of the plaintiff and against the defendants in the sum of $2,000.

The defendants moved for entry of a judgment of no cause of action notwithstanding the verdict of the jury, which motion was granted by the trial court.

Plaintiff moved for an order to set aside the judgment in said cause and for the granting of a new trial therein, which motion was denied.

The court in granting the motion for entry of judgment *non obstante veredicto* found that the plaintiff's decedent was guilty of contributory negligence as a matter of law, and that there could be no recovery.

We will briefly review the testimony in the case as appears from the record:

The defendants, with two lady friends, prior to the accident had been guests in the home of Harry Kozlowski, the driver of the first car, and all started from Kozlowski's home for a drive, a trip to Belle Isle being contemplated. Harry Kozlowski was accompanied by a young lady. Neither Harry Kozlow-

ski nor his lady friend were witnesses upon the trial. After the accident members of the police department, at one of their stations, took a statement from the defendants and Harry Kozlowski relative to the accident. The statement of Harry Kozlowski to the members of the department was as follows:

"State what you know about the accident.

"While traveling east in my sedan on Warren at Horger, a woman was crossing the street and walked into the path of my car, and I slowed down and she stopped, as I passed her she ran into the path of the car following me."

This statement was known as exhibit 8.

At the close of the defendant's case, the attorney for the defendants stated,

"The process server says that he (Harry Kozlowski) will be here. I will try to have him here. Outside of Harry I have no other witness.

"*The Court:* If he knows about the woman, he saw the woman and will testify to that, I understand.

"*Judge LaJoie:* He saw the woman and veered to avoid it. This is all I know that he says. * * * This man made a statement to the police department. It is brief and I will consent to it being read here.

"*Mr. Belding:* I will offer it, Exhibit 8. This is plaintiff's exhibit entitled a "statement of facts." The date is 8-5-34, accident at Warren and Horger."

Neither defendant Raymond Grayewski nor his lady friend saw the accident. Joseph Grayewski testified that the lights on his car were all right, and that they illuminated a distance of about 10 or 15 feet ahead, that the range of his vision was a distance between the front of his car and the rear of the Harry Kozlowski car, that at the time of the

accident he was traveling about 20 or 23 miles per hour, that he looked at the speedometer, that

"When he (Harry Kozlowski) veered Mrs. Arndt came right in my vision.

"*Q.* For a considerable distance?

"*A.* She fell right in front of my car when I got there.

"*Q.* Did you see her standing there before you struck her?

"*A.* No, * * * I did not see Mrs. Arndt run from a point near the car track to a point toward the curb in front of my car.

"*Q.* If your car was back of the car ahead of you and the car ahead veered to the right, Mrs. Arndt got in the path of your car? * * *

"*A.* As I said, I did not see her."

The young lady, Angeline Koss, who was riding on the front seat with defendant Joseph Grayewski, testified,

"I was sitting with Joseph and he was driving and I was there and I saw her hand fly up when she was struck, * * * I did not see this lady who was struck before the accident at all. I did not see her before that."

Elmer Dunn, a witness produced for the plaintiff, testified that he was walking in a westerly direction near the intersection of Warren and Horger, heard a noise, an impact, and went to the place of the accident, that the injured lady was lying south of the rail of the street car track two or three feet, that the car which had struck the decedent went a distance of 75 to 100 feet after the accident, that the first car stopped about 50 to 75 feet beyond the place where the second car stopped, that Mrs. Arndt was unconscious, that he and others picked her up and

placed her in the police patrol wagon, that he saw no other cars on the street at the time of the accident. Another witness testified that the left end of the bumper of defendant's car after the accident was bent back slightly, the license plate was pushed back and there was a dent where the headlight had been pushed into the screen and the shell showed a slight indentation.

Only one question is presented by the record in this case, and that is whether, under the undisputed facts in the case, plaintiff's decedent was guilty of contributory negligence barring right of recovery.

We do not believe that the record shows plaintiff's decedent to have been guilty of contributory negligence as a matter of law, but that it was a question for the jury in view of all the facts and circumstances. We do not agree with the views of the trial judge that there were eyewitnesses to the accident, and that their testimony was uncontradicted.

The statement made by Harry Kozlowski to the police, and which was admitted in evidence, is not in harmony with the physical facts. He says that he slowed down when he saw plaintiff's decedent in the street. If he had done this, the defendant could not have avoided colliding with his car. Defendant Joseph, states that Kozlowski veered to the right and thus avoided striking decedent who was standing near the car track.

If the defendant had not been driving so unreasonably close to the first car, and had been watching the highway instead of his speedometer, the accident would undoubtedly have been avoided. The statement of Kozlowski that as he passed decedent she ran into the path of the car following him, unexplained as to manner in which he made

or could have made this observation, left the question of the credit to be given such statement one for the jury and not for the court. The trial judge was in error in granting defendants' motion for entry of judgment of no cause of action *non obstante veredicto*.

Defendant's testimony was limited to his view of the decedent at the very moment when she was in front of the automobile and just as she was struck. He did not see the decedent before she was in front of the automobile. Unlike the case of *Petersen v. Lundin,* 236 Mich. 590, the instant case is not barren of witness evidence of what care decedent exercised before she got into the path of the defendant's automobile. The statement of Kozlowski shows that the decedent had stopped, and that he (Kozlowski) was able to avoid any accident by veering to the right.

But for the statement of Kozlowski which was offered in evidence, the instant case would be on all fours with the case of *Petersen v. Lundin, supra,* where it was held that:

"In the absence of testimony showing the actions of Mr. Petersen as he approached the path of the oncoming automobile, the law permitted the presumption of due care on his part to carry the issue to the jury."

The statement, not under oath, of Kozlowski to the police, at a time when his friends were in custody, that he saw decedent run into the path of the defendant's automobile as he passed her, disputed by the physical facts, and seriously questioned by the testimony of one of the defendants should not deprive plaintiff of the right of having a jury pass upon the credit that should be given such statement

and determine for itself whether the decedent was guilty of contributory negligence. The jury had the right to determine for itself whether it was possible for decedent to have taken a step, let alone run into the pathway of the defendant's car, in the small fractional part of a second that would intervene between the time Kozlowski passed her and when she was struck by defendant's car. If the defendant driver could not see more than 10 to 15 feet ahead of his car, it is reasonable to presume that the decedent had no better view of his car as it approached than the defendant had of decedent. We do not believe that Kozlowski was in a position to say whether decedent ran or not, either as he passed her or after he passed her, and neither party litigant should be bound by any statement or testimony that is not credited by the jury no matter by whom such testimony is offered. Such testimony is not conclusive upon the court or a jury if the facts and circumstances of the case are such as irresistibly lead the mind to a different conclusion.

The case is reversed, and the order entering judgment of no cause of action is vacated, and entry of judgment for the plaintiff upon the verdict of the jury as rendered is hereby ordered, with costs to plaintiff.

BUTZEL, BUSHNELL, SHARPE, and POTTER, JJ., concurred with CHANDLER, J. FEAD, C. J., and NORTH and WIEST, JJ., concurred in the result.