## HENDERSHOT *v.* KELLY.

1. AUTOMOBILES — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — JURY QUESTION.

Whether or not it was negligence for a passenger to remain in an automobile stopped in a no parking zone which was subsequently struck from behind is a fact question for the jury to decide under all the evidence.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 8 Am Jur 2d, Automobiles and Highway Traffic § 1013.
Contributory negligence, assumption of risk, or related defenses as available in action based on automobile guest statute or similar common-law rule. 44 ALR2d 1342.

[2] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 720, 721.
Driver's failure to maintain proper distance from motor vehicle ahead. 85 ALR2d 613.

[4] 5 Am Jur 2d, Appeal and Error § 891.

[5, 6] 53 Am Jur, Trial § 579 *et seq.*

[7] 5 Am Jur 2d, Appeal and Error § 820.

[8] 8 Am Jur 2d, Automobiles and Highway Traffic § 1002.

2. Same—Negligence—Assured Clear Distance.

The statutory rules requiring motorists to maintain an assured clear distance ahead of them and against following too closely are qualified by the test of due or ordinary care exercised in the light of attending circumstances; thus failure to maintain an assured clear distance is not negligence as a matter of law (CLS 1961, § 257.627, as amended by PA 1962, No 120; § 257.643).

3. Same—Negligence—Instructions.

Instruction to jury that a stopped car in which plaintiff passenger remained which was subsequently struck from behind was parked illegally was a proper one because it bore on the issue of whether plaintiff was guilty of contributory negligence in remaining in the car.

4. Appeal and Error—Instructions—Saving Question for Review.

No party may assign as error the giving of an instruction unless he objects to such instruction before the jury retires to consider the verdict, stating specifically the matter to which he objects and the grounds of his objection (GCR 1963, 516.2).

5. Trial—Evidence—Instructions to Jury.

A fact should be assumed as proved when all the evidence upon the point, from both sides, tends clearly to prove the fact, and there is no evidence to cast doubt upon it, and the jury should be told that there is no evidence on which it can base a contrary conclusion; but this is not the case where some parties testify that something is true and others who were in a position to know say they do not know.

6. Automobiles—Lights—Evidence.

Instruction to jury on statutory lighting requirements in case arising from rear-end automobile collision case was not error when plaintiff's driver and plaintiff had both testified that lights of vehicle in which plaintiff was sitting were lit but defendant testified that he could not recall whether the taillights were lit and did not know if headlights were lit (CLS 1961, § 257.694).

7. Appeal and Error—Questions of Fact.

The appellate court does not substitute its judgment on questions of fact for that of the jury unless the facts clearly preponderate in the opposite direction.

8. AUTOMOBILES—SPEED—EVIDENCE.
   Speed of defendants' car which collided with illegally parked
   car in which plaintiff was sitting *held*, a question of fact for
   jury, where there was evidence presented on the issue varying
   from 20 to 35 miles per hour (CLS 1961, § 257.627, as amended
   by PA 1962, No 120).

Appeal from Oakland, Moore (Arthur E.), J. Submitted Division 2 January 9, 1968, at Detroit. (Docket No. 3,334.) Decided April 24, 1968. Leave to appeal denied June 27, 1968. See 381 Mich 758.

Complaint by Joyce Hendershot against Gerald Kelly and James Kelly for damages for personal injuries arising from a rear-end automobile collision. Verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Leithauser & Grossbart,* for plaintiff.

*Patterson & Patterson, Barrett, Whitfield, Manikoff and White,* for defendants.

HOLBROOK, J. Plaintiff, Joyce Hendershot, appeals from a jury verdict and judgment of no cause of action. The facts pertinent to her appeal are:

On Christmas Eve, 1963, about 6:40 p.m., plaintiff was a passenger in an automobile being driven in a northerly direction on John R by Anthony Argento. A parking ticket, which had been given Argento earlier that day, blew out of the driver's window about 2 blocks north of Eleven Mile road in the city of Madison Heights. Argento brought his vehicle to a standstill in the extreme east traffic lane of John R, a 4-lane highway. He then got out, crossed the highway and began looking for the parking ticket. His search took between 5 and 10 min-

utes, during which time plaintiff remained in the automobile.

Defendant-appellee, Gerald Kelly, was driving his brother's 1957 Ford pickup in the same traffic lane of John R in a northerly direction, when an unidentified Chevrolet which he was following swerved to the left to avoid the Argento vehicle. Gerald Kelly then observed the Argento vehicle. He was unable to change lanes and although he applied his brakes, he could not stop before colliding with the Argento vehicle. Joyce Hendershot claimed damages for personal injuries as a result of the collision.

The Argento vehicle was in a no parking zone, the nearest street light was one-half block north of the accident scene, and the pavement was wet, a light rain falling or having fallen just prior to the accident. Several facts other than these were in dispute: the speed of defendant's vehicle, the distance between defendant's vehicle and the unidentified Chevrolet, the distance between defendant's vehicle and the Argento vehicle after the unidentified Chevrolet swerved to the left, and the force of impact.

Plaintiff's motion for new trial was denied and her appeal raises 5 issues. Restated and considered in proper order they are:

*1. Was plaintiff not guilty of contributory negligence as a matter of law?*

The trial court denied plaintiff's motion that the jury be directed that plaintiff was not guilty of contributory negligence as a matter of law. The question of whether plaintiff was guilty of contributory negligence as a result of her remaining in the Argento vehicle was left to the jury.

In considering this issue, a general statement of the law is stated in 61 CJS, Motor Vehicles, § 491, p 116, as follows:

"If an occupant of a motor vehicle knows, or in the exercise of ordinary care should know, that to remain longer in the vehicle is dangerous, and if under the same or similar circumstances a reasonably prudent person would leave or withdraw from the vehicle, he is guilty of contributory negligence if, a reasonable opportunity therefor being afforded, he fails to do so, and such failure contributes proximately to cause his injury."

Michigan case law indicates that usually the question is one of fact for the jury under all the evidence.

"On the issue of contributory negligence, we are in accord with the determination of the trial court that this was a jury question. Plaintiff was a stranger in the city. The place where defendant Bentley stopped was in a sparsely settled part of the community. It was after midnight. Whether plaintiff acted as a reasonably prudent person in remaining in the cab under the circumstances was a question of fact." *Bordner* v. *McKernan* (1940), 294 Mich 411, 413.

"It is the undoubted rule that the invited passenger is not absolved from the duty to exercise reasonable care for his own safety. Whether he had done so under the circumstances shown and situation in which he is placed usually becomes a question of fact for the jury." *June* v. *Grand Trunk W. R. Co.* (1925), 232 Mich 449, 456.

"The question of whether a guest or a passenger in a motor vehicle exercises due care for his own safety is usually a question for the jury under all the evidence. Blashfield's Cyc. of Auto Law, 1109, citing many cases, including *Emery* v. *Ford* (1926), 234 Mich 11." *Fairchild* v. *Detroit, G. H. & M. R. Co.* (1930), 250 Mich 252, 259, 260.

We conclude that under the circumstances present in this case the question was one of fact. The trial court did not err in denying plaintiff's motion.

2. *Was plaintiff entitled to a directed verdict as to defendants' negligence?*

Plaintiff contends that defendant Gerald Kelly's own testimony, favorably viewed, shows that he was negligent as a matter of law, *i.e.,* traveling at a speed of 20 miles per hour at a distance of 1-1/2 car lengths (approximately 26 feet) behind the unidentified Chevrolet thereby violating as a matter of law CLS 1961, § 257.643 (Stat Ann 1960 Rev § 9.2343),[1] and CLS 1961, § 257.627, as amended by PA 1962, No 120 (Stat Ann 1965 Cum Supp § 9-.2327).[2] In support of this contention plaintiff cites *Lewis* v. *Yund* (1954), 339 Mich 441; *Arndt* v. *Greyewski* (1937), 279 Mich 224, and other cases.

Defendants claimed at trial that when the unidentified Chevrolet swerved to the left to avoid the Argento vehicle, Gerald Kelly, without fault on his part, was placed in a position of peril, and the application of the sudden emergency rule excused them from liability.

In *Hackley Union National Bank & Trust Company* v. *Warren Radio Company* (1966), 5 Mich App 64, 71, this Court, faced with a similar issue, stated:

"Whereas, at one time, the application of the statute (assured clear distance) was strictly con-

---

[1] "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway."

[2] "Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other condition then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured, clear distance ahead."

strued and applied as evidenced by the rule in the case of *Lewis* v. *Yund* (1954), 339 Mich 441, recent cases indicate that the statute must be reasonably construed and exceptions to the statutory edict have been created to accomplish justice, including bringing the assured clear distance rule to qualification by the test of due or ordinary care, exercised in the light of the attending conditions. *Sun Oil Company* v. *Seamon* (1957), 349 Mich 387; *Nass* v. *Mossner* (1961), 363 Mich 128; *Dismukes* v. *Michigan Express, Inc.* (1962), 368 Mich 197."

Also, see *Hunt* v. *Deming* (1965), 375 Mich 581 (discussed at length in *Hackley Union National Bank & Trust Company* v. *Warren Radio Company*, *supra*, pp 71, 72, 73); *McKinney* v. *Anderson* (1964), 373 Mich 414; *Patzer* v. *Bowerman-Halifax Funeral Home* (1963), 370 Mich 350; *Garrigan* v. *LaSalle Coca-Cola Bottling Company* (1961), 362 Mich 262.

The assured clear distance rule is now qualified by "the test of due or ordinary care, exercised in the light of attending conditions." *Hackley Union National Bank & Trust Company* v. *Warren Radio Company*, *supra*, p 71. The same qualification applies to the rule against following too closely. We find no error in the trial court's refusal to grant plaintiff's motion for a directed verdict as to defendants' negligence.

*3. Did the trial court err in instructing the jury regarding vehicle of plaintiff's driver being illegally parked?*

The lower court in going over the proposed instructions with counsel asked, "Is there a dispute here as to whether or not the vehicle in which the plaintiff was riding was illegally parked and therefore in position of negligence insofar as the vehicle is concerned?" Plaintiff's counsel objected to the

proposed charge (as to illegal parking) on the ground that it would result in the jury imputing negligence of plaintiff's driver to plaintiff. When given further opportunity to object, after the jury had been instructed, plaintiff made no objection concerning the instruction on illegal parking as given by the trial court. The instruction was a proper one bearing on the issue of plaintiff's contributory negligence.

Plaintiff now objects to the illegal parking instruction on the ground that under Michigan case law the Argento vehicle was not illegally parked even though at a standstill in a no parking zone. GCR 1963, 516.2 states in part:

"No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider the verdict, *stating specifically the matter to which he objects and the grounds of his objection.*" (Emphasis supplied.)

We find plaintiff failed to follow this required rule of procedure to save the error now alleged for appellate review. *Snyder v. New York Central Transport Company* (1966), 4 Mich App 38, 49, 50, 51. Post-verdict research should not be permitted to replace trial preparation.

*4. Did the trial court commit error in instructing the jury as to the statutory requirements[3] for motor vehicle lights?*

When given opportunity following the court's charge to the jury, plaintiff's counsel objected to an instruction given the jury on the lighting of motor vehicles on the premise that there had "been no testimony other than this car [the Argento vehicle] had proper lighting on it." In support of her argu-

---

[3] See CLS 1961, § 257.694 (Stat Ann 1960 Rev § 9.2394).

ment on appeal, plaintiff cites the case of *Holbert v. Staniak* (1960), 359 Mich 283.

The reasoning underlying the rule of law that the giving of an instruction assuming a fact or conflict in testimony which does not exist constitutes error was given by Mr. Chief Justice CHRISTIANCY in the early case of *Druse* v. *Wheeler* (1872), 26 Mich 189, 196:

"*When all the evidence upon the point, on both sides, tends clearly to prove,* and, if true, does prove a fact, *and there is none to cast a doubt upon it,* such fact may, and generally should be, assumed as proved; and the jury should be told that there is no evidence from which they can find against the fact as proved.

"And, under such a state of proofs, a charge which, in effect, tells the jury that it is competent for them to find either way—for or against the existence of the fact so proved—is erroneous; as it assumes that there is evidence in the case tending as well to disprove such fact, as to prove it. Such a charge tends to confuse and mislead a jury, to induce them in their search for such evidence (which the court has thus led them to think must be found somewhere in the case), to give a false or fictitious effect to evidence which has no legitimate bearing upon the point, as well as to encourage them to take the law into their own hands, to determine the tendency and admissibility of evidence, and to adjust the rights of parties according to their own ideas of what the law ought to be, instead of adhering to any fixed and definite legal rule." (Emphasis changed.)

Plaintiff's driver and plaintiff testified that the vehicle lights were on; however, defendant Gerald Kelly testified that he didn't know whether the Argento vehicle's headlights were on and didn't recall whether the taillights were on. Thus the testimony

of both sides in the instant case does not tend clearly to prove the fact at issue. Defendant Gerald Kelly's testimony cannot be taken as affirmatively proving the fact.

We conclude that the trial judge did not commit prejudicial error in merely stating the requirements relating to lighting on motor vehicles.

*5. Was the verdict rendered against the great weight of the evidence?*

Plaintiff claims the great weight of the evidence is that defendant's vehicle was going 35 miles per hour and following too closely behind the unidentified Chevrolet, which would make defendant driver guilty of negligence. We do not agree. Other competent evidence was given to the effect that defendant's vehicle was going 20 to 25 miles per hour. The question was one of fact for the jury and this Court does not substitute its judgment on questions of fact for that of the jury unless the facts clearly preponderate in the opposite direction. *Schmidt* v. *Robinet* (1965), 2 Mich App 45.

Affirmed. Costs to appellees.

QUINN, P. J., and J. H. GILLIS, J., concurred.