THERESA POLISTINA AND ANNA INGRASSIA, PLAINTIFFS-APPELLANTS, v. JOHN POLISTINA AND LEONARD STETZ, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted February 8, 1982—Decided March 4, 1982.

Before Judges ALLCORN, FRANCIS and MORTON I. GREENBERG.

*Jay G. Trachtenberg,* attorney for appellants.

*Novins, Farley, Grossman & York,* attorneys for respondent John Polistina (*Robert F. Novins* of counsel; *James P. Brady* on the brief).

*Campbell, Foley, Lee Murphy & Cernigliaro,* attorneys for respondent Leonard Stetz (*Lawrence T. Quirk* on the brief).

The opinion of the court was delivered by

MORTON I. GREENBERG, J. A. D.

This matter comes on appeal after the trial judge denied plaintiffs' motion for a new trial following the return of a jury

verdict against them in a civil damage action arising from an automobile accident. The principal issue on appeal is whether the trial judge committed plain error in his charge and in the interrogatories he framed for the jury on which they returned their verdict. *R.* 2:10–2; *R.* 4:39–1.

The germane facts and procedural history of the action are not complicated. At about 2:20 a. m. January 14, 1979 defendant John Polistina was operating an automobile on Route 9 near Beachwood Boulevard in Beachwood, New Jersey. Plaintiffs Theresa Polistina, his wife, and Anna Ingrassia, her sister, were passengers in the vehicle. Unfortunately, as a result of the vehicle going through water, his engine got wet and stalled. Consequently, the automobile stopped. John Polistina tried without success to get the motor running. He then got out of the vehicle to obtain signal flares from his trunk. Plaintiffs remained in the car. Before the flares were set a vehicle driven by defendant Leonard Stetz struck the Polistina vehicle, causing personal injuries to plaintiffs. Though it is undisputed that the Polistina vehicle was stopped when hit, there is some question as to how far it intruded onto the traveled portion of the road and how much of it was on the shoulder.

Plaintiffs subsequently brought a single civil damage action against John Polistina and Leonard Stetz. The case was tried on both liability and damages. At trial Theresa Polistina testified that the headlights of the Stetz vehicle had been visible for some distance and that she stated at that time, obviously to Anna Ingrassia, "look at this maniac at a speed." The court sustained an objection to this testimony. Following the presentation of all testimony plaintiffs moved to strike issues relating to their negligence. This motion was denied. The trial judge subsequently charged the jury on all issues. The case was submitted on interrogatories and the following verdict was returned:

## AS TO LIABILITY

1. (a) Was the driver John Polistina guilty of negligence which was a proximate cause of the accident that occurred?

Yes__X__ No____

(b) If the answer to the above question is "yes", was such negligence a proximate cause of the injuries?

Yes__X__ No____

2. (a) Was the driver Leonard P. Stetz guilty of negligence which was a proximate cause of the accident that occurred?

Yes__X__ No____

(b) If the answer to the above question is "yes", was such negligence a proximate cause of the injuries?

Yes__X__ No____

3. Were the plaintiffs Theresa Polistina and Anna Ingrassia guilty of negligence which was a proximate cause of the injuries they received?

Yes__X__ No____

4. Dealing only with those above named that you have determined to have been guilty of negligence and as a result of which proximately caused the injuries to the plaintiffs, set forth as to each the percentage of negligence of each, bearing in mind that the total of all of the percentages must equal 100%:

| | |
|---|---|
| John Polistina | 25 % |
| Leonard P. Stetz | 25 % |
| Theresa Polistina and Anna Ingrassia | 50 % |
| Total | 100 % |

## AS TO DAMAGES

5. What sum of money would fairly, reasonably and adequately compensate Theresa Polistina for her injuries?

$ 0

6. What sum of money would fairly, reasonably and adequately compensate Anna Ingrassia for her injuries?

$ 0

In view of the fact that plaintiffs' negligence exceeded that of each of the defendants, they received a no cause for action. *N.J.S.A.* 2A:15–5.1. After their subsequent motion for a new trial was denied they appealed. They assert three contentions on this appeal: (1) the judge should have struck issues relating to their negligence as the record could support no finding that they were negligent and, even if they were, their negligence was

so remote that it could not have been a proximate cause of their injuries; (2) the judge erroneously treated plaintiffs as a single unit for purposes of determining the negligence of each; (3) the judge should not have excluded the testimony of Theresa Polistina concerning what she said immediately before the impact. We deal with these contentions seriatim.

Clearly, each of the plaintiffs could have been held to have been negligent. The evidence at the trial supported a finding that the Polistina vehicle was stopped at least partially on the traveled portion of the highway. The accident was during late evening hours. There was evidence that the conditions were misty or that it was raining. Undoubtedly plaintiffs could have gotten out of the vehicle after it stopped before the accident. We say that because John Polistina first attempted to start the vehicle and, failing in that, he got out. Theresa Polistina testified that it was a few minutes before her husband got out. Therefore the jury could have found that each of the plaintiffs chose to remain in a potentially dangerous position in which there was likelihood that their vehicle could be struck. The negligence *vel non* of each plaintiff was thus a jury question. See *Tabor v. O'Grady*, 59 *N.J.Super.* 330, 337–338 (App. Div.), on rehearing 61 *N.J.Super.* 446 (App.Div.1960); *Martin v. Sweeney*, 207 *Md.* 543, 114 *A.2d* 825 (Ct.App.1955); *Hendershot v. Kelly*, 11 *Mich.App.* 173, 160 *N.W.2d* 740 (Ct.App.1968). Consequently, the judge properly refused to remove the issue from the case.

A more substantial issue is raised by plaintiffs' claim that the trial judge improperly treated plaintiffs as a single entity. The jury was told to determine whether each defendant was guilty of negligence which was a proximate cause of the accident. The jury was then asked "were the plaintiffs Theresa Polistina and Anna Ingrassia guilty of negligence which was a proximate cause of the injuries they received." Depending upon the previous findings, the jury was then told to compare the negligence of each party held negligent. When the judge explained comparative negligence to the jury he charged as follows:

Now, the next question reads as follows: Dealing only with those above-named that you have determined to have been guilty of negligence, and as a result of which proximately caused the injuries to the plaintiffs, set forth as to each the percentage of negligence of each bearing in mind that the total of all the percentages of negligence must equal 100 percent? You will consider to what extent John Polistina, having answered the earlier questions, bears a percentage of the total responsibility for the accident and the injuries. You will consider the extent to which and the responsibility that Mr. Stetz has with respect to the accident and the injuries sustained. And you will consider with respect to Theresa Polistina and Anna Ingrassia the extent to which, if any you find, that they had a degree of negligence which led to their injury. In any event, the total of the percentages as you find them to be, giving due regard to the answers that preceded it, must total a hundred percent. These are the questions that deal with the issue of liability. With regard to these questions addressed to the issue of liability it is necessary that you make this finding of negligence as it relates to Theresa Polistina, and Anna Ingrassia for the reason that if the negligence of these ladies is greater than the negligence of either one or both of the defendants, then the plaintiffs will not be entitled to recover against that defendant, or both defendants. If the negligence of Theresa Polistina or Anna Ingrassia is less than the negligence of one or both of the defendants, that plaintiff will be entitled to recovery. But the recovery will be reduced by me by the percentage of negligence that you attribute to the ladies.

There was no objection to this portion of the charge. The jury, however, was apparently confused with respect to comparative negligence. In any event, during its deliberations it sent the following question to the judge: "Could you please explain to us more about the percentage of negligence, Question No. 4?" The judge responded with a supplemental charge which described the figure of 100% of negligence as a pie. He treated plaintiffs as a single entity since his supplemental charge referred to the case as having three parties. The judge said that if two or three parties were found to be negligent then the pie would have to be cut into two or three portions. There was no objection to this supplemental charge.

The jury found all parties negligent. It was thus required to determine the percentage of negligence attributable to each party. Each defendant was held 25% negligent and plaintiffs together were held 50% negligent. In accordance with the instruction in the basic charge it returned no damage verdict for plaintiffs since their negligence exceeded the negligence of each defendant. *See Roman v. Mitchell*, 82 *N.J.* 336 (1980).

■ The trial judge clearly erred in his charge. It is entirely possible that the jury may have found that each plaintiff was 25% responsible for her injuries and that the jury may have combined these percentages to reach 50%. If so, then plaintiffs received a no cause for action in a situation in which each should have recovered from each defendant since her negligence was not greater than the negligence of either defendant. *N.J.S.A.* 2A:15–5.1.

The trial judge undoubtedly believed that each plaintiff if culpable at all had to be equally culpable. Accordingly, we have no doubt but that it was his intention that the jury, in assigning plaintiffs a percentage of negligence, assigned them the percentage of negligence of only one person. But the difficulty with the charge is that such a direction was simply not clearly imparted to the jury. Thus while the jury may have concluded that each plaintiff, when individually compared to each defendant, was responsible for 50% of the negligence, we would have to guess to reach that conclusion. In the circumstances, we hold that the judge committed plain error with respect to a fundamental aspect of the case. Accordingly, a new trial is required. *See Atlas v. Silvan*, 128 *N.J.Super.* 247 (App.Div.1974).

■ We also find that the trial judge improperly excluded the testimony of Theresa Polistina as to what she said in the vehicle. She was a declarant perceiving an event which she was describing. *Evid.R.* 63(4). The fact that she was available to testify did not mean that her prior statement was inadmissible. *See Trenton Passenger Ry. Co. v. Cooper*, 60 *N.J.L.* 219 (E. & A.1897).

Inasmuch as the case must be retried, we should determine the scope of the issues for the retrial. Initially we note that the jury found each of the defendants guilty of negligence which was a proximate cause of the accident. While it could be argued that these findings were independent of the findings concerning plaintiffs, we are not certain that this is so. After all, the jury

clearly believed that each plaintiff was receiving a no cause for action. Accordingly, the findings holding defendants negligent were in themselves of no consequence. If only plaintiffs had been held negligent, they would not have recovered. In the circumstances, we regard the negligence findings as intertwined. *See Acken v. Campbell*, 67 *N.J.* 585 (1975);[1] *Moraca v. Ford Motor Co.*, 66 *N.J.* 454, 460–461 (1975). Further the findings against plaintiffs were improperly combined. We conclude that there should be a new trial as to all issues.

At the retrial the judge may submit the four questions dealing with negligence and the proximate result of the negligence of each defendant as submitted at the first trial. Clearly in this case if either defendant were guilty of negligence which was a proximate cause of the accident, it was as to each plaintiff. Thus separate findings as to each defendant's conduct with respect to each plaintiff are not needed. But each plaintiff must be considered a separate person for determining whether she was guilty of negligence which was a proximate cause of her injuries. A single question asking the jury to compare the negligence of two, three or four parties should be given.[2] This is in conformity with *N.J.S.A.* 2A:15–5.2(b) which requires that the jury determine the extent of each parties' negligence, the total to equal 100%. We recognize that if both plaintiffs and either or both defendants are found negligent, then as to each plaintiff individually the verdict will not allocate 100% of the negligence. But in such case the trial judge may easily mold the verdict to reach that allocation by disregarding the percentage allocated the other plaintiff and recomputing the percentages

[1] A motion for reconsideration of this case was granted (68 *N.J.* 176 (1975)) but the case is not further reported.

[2] Of course, if only one or both plaintiffs and neither defendant was negligent, or only one defendant and neither plaintiff was negligent, then there need be no comparison of negligence.

remaining, as was done in *Cartel Capital Corp. v. Fireco of New Jersey*, 81 *N.J.* 548, 570 (1980).[3]

The matter is remanded to the Superior Court, Law Division, Ocean County, for further proceedings consistent with this opinion. We do not retain jurisdiction.

---

[3]In some cases it is conceivable that, depending upon the issues being tried, a given party might be responsible for a different percentage of the negligence as to different plaintiffs. This would be possible in a multi-car accident case. In such cases it could be appropriate to make more than one allocation of 100% of the negligence. But here we can see no basis to differentiate between plaintiffs in assessing defendants' conduct. Further, we cannot perceive how adding two plaintiffs to the comparison if both are held negligent can change the result. For example, if there were three passengers instead of two and the jury thought all five parties were equally culpable, its verdict would allocate the negligence at 20% each. If there were two it would allocate it at 25% each. In a one-plaintiff two-defendant case, with all parties equally at fault, the allocation would be 33⅓% each. Molding the first two verdicts will cause the same judgment as in the single party case. Though the example we give is in a case of equal allocation of negligence, the accuracy of the molded verdict is not dependent upon an equal allocation of negligence.