SCHMIDT *v.* ROBINET.

1. AUTOMOBILES—RIGHT SIDE OF ROAD—SKIDDING ACROSS ROAD.
   Failure of driver of motor vehicle to keep on the right side of the road as required by statute may be excused when, through no fault of his own, his car skids across road on slippery pavement but if skidding is result of his own negligence he is not absolved from consequence thereof (CLS 1961, § 257‑.634).

2. SAME — ICE-COVERED PAVEMENT — SKIDDING — NEGLIGENCE — QUESTION FOR JURY.
   Evidence adduced in action against defendant driver for injuries to plaintiff passenger arising out of injuries received when defendant lost control of his car on ice-covered pavement,

REFERENCES FOR POINTS IN HEADNOTES
[1] 8 Am Jur 2d, Automobiles and Highway Traffic § 689.
[2, 3] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 494, 511.
[4] 5 Am Jur 2d, Appeal and Error § 833.

skidded to wrong side of street, and collided with another car, *held,* to present question for jury as to whether defendant was guilty of negligence, and to support jury's verdict for defendant.

3. Same—Ice-Covered Pavement—Skidding—Wrong Side of Street —Disputed Testimony.

Jury's verdict for defendant driver in passenger's action against him for injuries received when his car skidded out of control on ice-covered pavement to wrong side of street where it collided with another car, *held,* not against the great weight of evidence, there being dispute in the testimony as to whether defendant had previously bumped the curb several times, had stopped at an intersection, or had slackened his speed before skidding.

4. Appeal and Error—Court of Appeals—Questions of Fact—Preponderance of Evidence.

The Court of Appeals does not substitute its judgment on questions of fact for that of a jury unless the facts clearly preponderate in the opposite direction.

Appeal from Saginaw; Huff (Eugene Snow), J. Submitted Division 3 October 6, 1965, at Grand Rapids. (Docket No. 348.) Decided December 20, 1965. Leave to appeal denied by Supreme Court February 24, 1966. See 377 Mich 703.

Complaint by Kenneth E. Schmidt against George V. Robinet for injuries sustained by plaintiff when an automobile driven by defendant, and in which plaintiff was a passenger, collided with another automobile. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*van Benschoten & van Benschoten (Harvey E. van Benschoten,* of counsel), for plaintiff.

*Stanton, Taylor, McGraw & Collison (Ralph B. Taylor,* of counsel), for defendant.

Burns, P. J. This is a suit for personal injuries by the plaintiff-passenger against the defendant-driver.

The accident occurred on December 24, 1959, in Saginaw county, when defendant's car went out of control, skidded onto the wrong side of an ice-covered road, collided with another car, and injured the plaintiff.

The facts show that the parties were employed at the same place of business, resided near each other, and shared rides to their place of employment, some 23 miles distant.

The plaintiff alleges two theories of liability: one, that plaintiff was a passenger for hire and the driver is liable for ordinary negligence; alternatively, if plaintiff was a guest, the driver is liable on the theory of gross negligence.

Defendant denies that plaintiff was a passenger for hire and also claims a sudden emergency as an affirmative defense, stating that he unexpectedly skidded on the slippery roadway which caused his vehicle to slue out of control and cross the center line.

At the close of defendant's proofs, plaintiff moved to strike the affirmative defense on the ground that by defendant's own testimony there was no showing of sudden emergency; that in fact all roads in the Saginaw area were ice-covered and slippery at the time of the accident. Plaintiff also moved the court to instruct the jury that the defendant was negligent as a matter of law. The court denied both motions.

The trial judge read to the jury the provisions of the statute relating to a guest passenger[1] and defined the distinction between gross negligence and negligence. He instructed the jury that the issue of the plaintiff being a guest passenger and the defendant's negligence or gross negligence was a factual question for the jury.

---

[1] CLS 1961, § 257.401 (Stat Ann 1960 Rev § 9.2101).

The jury returned a verdict of no cause of action.

On appeal, plaintiff claims that the trial court erred by failing to grant the above motions.

The rule was well stated by Mr. Justice Sharpe in *Leonard* v. *Hey* (1934), 269 Mich 491, 494:

"It is fundamental law that the driver of a car must keep on the right side of a street or highway, but failure to keep to the right when, through no fault of the driver, an automobile skids on a slippery pavement and is thus thrown across the road, has been held to excuse failure to comply with the statute (CL 1929, § 4703;[2] *Chase* v. *Tingdale Bros.*, 127 Minn 401 [149 NW 654]), but if such skidding results from the negligent acts or commissions of a driver, he is not absolved from the consequences of breach of the rule although it is not deliberate or intentional. Berry on Automobiles (4th ed), § 865."

The roads in the Saginaw area at the time of the accident were generally slippery and ice-covered. On the day of the accident the sheriff's department answered 25 accident calls; the average is 5.

The plaintiff testified that the defendant skidded through the intersection at West Michigan avenue and Center street, hit the curb several times, and, despite this dangerous condition, did not slacken his speed but continued at the same speed.

The defendant denied that he skidded through the intersection or that he bumped any curb. He claimed that he stopped at the intersection, turned onto Center street, and proceeded 200 feet before he started to "fishtail" and thereafter skidded across the center line.

Considering all of the circumstances we are of the opinion that reasonable minds might differ as to whether the defendant driver was negligent. The question, therefore, was one of fact for the jury.

---

[2] See currently CLS 1961, § 257.634 (Stat Ann 1960 Rev § 9.2334).
—Reporter.

The jury saw the witnesses and heard the testimony. From the testimony presented in the record it certainly cannot be said that the jury verdict is against the great weight of evidence. We do not substitute our judgment on questions of fact unless they clearly preponderate in the opposite direction.

Judgment is affirmed. Costs to appellee.

HOLBROOK and T. G. KAVANAGH, JJ., concurred.