PEARL GRANGE. FRUIT EXCHANGE, INC., *v.* SHEMBARGER.

APPEAL OF FARM BUREAU MUTUAL INSURANCE
COMPANY OF MICHIGAN.

1. APPEAL AND ERROR—QUESTION OF LAW.

Question as to whether plaintiff's automobile was furnished defendant for regular use, or whether defendant used plaintiff's automobile as a substitute for his regular automobile, in action for damages to automobile resulting from accident while automobile was being driven by defendant wife *held*, to be a question of fact, not law, answerable by the trial court.

2. SAME—COURT OF APPEALS—NONJURY CASE—QUESTION FOR TRIER OF FACTS.

The Court of Appeals does not substitute its judgment on questions of fact for that of the trial court sitting without a jury unless the findings of fact are clearly erroneous (GCR 1963, 517.1, 810[2]).

3. INSURANCE—SUBSTITUTE—AUTOMOBILES.

Finding of trial court in garnishment proceeding that plaintiff's automobile was used by principal defendant as a *substitute* for regular automobile, covered by the insurance policy of garnishee defendant, and that a judgment had been obtained by plaintiff against the principal defendant, and therefore garnishee defendant was liable as a matter of law by virtue of its policy with the principal defendants to plaintiff as owner of automobile damaged by principal defendant *held*, supported by the record.

Appeal from Berrien; Anderson, Jr. (David), J., presiding. Submitted Division 3 October 7, 1966, at Grand Rapids. (Docket No. 1,850.) Decided November 22, 1966.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur 2d, Appeal & Error § 820.
[3] 7 Am Jur 2d, Automobile Insurance §§ 103, 104.

Complaint by Pearl Grange Fruit Exchange, Inc., a Michigan corporation, against Maurice Shembarger and Elfrieda Shembarger for damages to its automobile while it was in the custody of Maurice Shembarger and while it was being driven by Elfrieda Shembarger. Judgment for plaintiff. Garnishment proceedings started by plaintiff against Farm Bureau Insurance Company of Michigan, a Michigan corporation, the insurer of defendants Shembarger. Judgment for plaintiff. Garnishee defendant appeals. Affirmed. ·

*Stephen T. Roumell,* for plaintiff.

*Seymour, Seymour & Conybeare* (*Bruce C. Conybeare,* of counsel), for garnishee defendant.

T. G. KAVANAGH, J.   After obtaining a judgment against appellant's insured for damages arising out of an automobile accident, plaintiff-appellee brought this garnishment action which was tried by the court without a jury.   Plaintiff had provided a company car for its employee Maurice Shembarger, one of the principal defendants, for use in company business and left it with him for convenience during the off season, when the employee was not working for plaintiff.   The defendant's wife, the other principal defendant, when their own car would not start, used the company car and was involved in an accident.   Their own car was insured by the appellant.   Plaintiff contended defendants' insurance company, garnishee defendant here, was liable since the company car involved was driven by defendant's wife as a "substitute" for the insured car when it failed to start.   Coverage is excluded by the policy for "any automobile owned by, registered in the name of, hired by or furnished for regular use to, the named insured, or a relative."   Garnishee defendant relied

on this exclusion. From a judgment for plaintiff, garnishee defendant appeals.

The sole issue on appeal, as stated by the garnishee defendant-appellant in the third page of his brief, is:

"Was plaintiff's automobile furnished for regular use to the named insured, or a relative, or was defendant's use of plaintiff's automobile a substitute for the described automobile while withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction?"

We regard this question to be one of fact, not law, and one which was answered by the trial court. The court found that the automobile in question was not furnished for the regular use of the principal defendant but that it was used by the principal defendant wife as a temporary substitute automobile. Having made these findings of fact, the court then found the garnishee defendant liable as a matter of law by virtue of its policy with the principal defendants.

Appellant would now have us redetermine the foregoing questions of fact. Pursuant to the provisions of GCR 1963, 517.1 and 810(2), unless the findings of fact are clearly erroneous, we do not set them aside. See, also, *Leonard* v. *Hey* (1934), 269 Mich 491 (37 NCCA 111) and *Schmidt* v. *Robinet* (1965), 2 Mich App 45.

We do not determine the trial court's findings in this case to be clearly erroneous, therefore the judgment is affirmed, with costs to appellee.

BURNS, P. J., and FITZGERALD, J., concurred.