ARCHER *v.* MELTON

AUTOMOBILES — NEGLIGENCE — INTERSECTION — RIGHT-OF-WAY — QUESTION OF FACT.

Submission to jury of question of liability in automobile accident occurring at unmarked intersection in which plaintiff claimed to have right-of-way under statute because defendant entered at the left of plaintiff *held* proper where photographic evidence disclosed damage to the right rear portion of defendant's vehicle, and the only testimony on the issue was plaintiff's testimony that she did not see defendant's vehicle until the collision (MCLA, § 257.649).

Appeal from Oakland, Ziem (Frederick C.), J. Submitted Division 1 December 9, 1968, at Detroit. (Docket No. 3,392.) Decided January 27, 1969.

Complaint by Darleen Archer and Pat Archer against Martin Allen Melton and Harold William Blumberg to recover for damages incurred in intersection accident. Verdict and judgment for defendants. Plaintiffs' motion for judgment *non obstante veredicto* denied. Plaintiffs appeal. Affirmed.

*Charfoos & Charfoos,* for plaintiffs.

*Davidson, Gotshall, Halsey, Kohl, Nelson, Secrest & Wardle,* for defendants.

REFERENCE FOR POINTS IN HEADNOTE
8 Am Jur 2d, Automobiles and Highway Traffic § 1013.

Per Curiam. The present controversy involves an intersection collision. Plaintiffs contend defendants were negligent *per se,* as they entered the intersection to the left of plaintiffs, who thereby had the right of way, according to MCLA § 257.649 (Stat Ann 1968 Rev § 9.2349). The jury returned a verdict of no cause of action. Plaintiffs moved for a judgment *non obstante veredicto* or a new trial; the court denied both motions, and the plaintiffs filed an appeal.

The issue of substance is whether the court erred by submitting the issue of liability to the jury.

Plaintiffs contend the liability issue should not have been submitted to the jury, since defendants were guilty as a matter of law according to the above statute, which grants the right of way to a vehicle entering an unmarked intersection on the right. However, the only testimony on the issue was given by one of the plaintiffs, an "interested witness," who testified she did not see defendants' vehicle until the collision. Photographic evidence disclosed damage to the right rear portion of defendants' vehicle. Consequently, the liability question was debatable and properly submitted to the jury. Also, from the evidence, the jury could reasonably disbelieve plaintiffs' allegation that defendants failed to yield the right of way. Therefore, we find no error was committed by the lower court.

Affirmed, costs to defendants.

McGregor, P. J., and Fitzgerald and Cynar, JJ., concurred.