EDWARDS v. KREPS

1. AUTOMOBILES—NEGLIGENCE—DIRECTED VERDICT—JURY QUESTION.
   Refusal to direct a verdict of negligence in case where plaintiffs' automobile was struck in the rear by defendant's automobile after turning onto the road in front of defendant was not error, where jury questions remained after the proofs were offered including: whether the alleged failure of plaintiff-driver to yield the right-of-way then created an emergency situation for defendant, whether plaintiff as an unfavored driver did anything which would have called the attention of the defendant to her presence in his right-of-way on a dark, snowy night, and whether plaintiffs' presence should have been obvious to the defendant.

2. AUTOMOBILES—NEGLIGENCE—EVIDENCE.
   Evidence presented in case where plaintiffs' automobile was struck in the rear by defendant's automobile after turning onto the road in front of defendant that their automobile was on the road in plain view for a full three seconds before defendant saw it *held*, not sufficient proof of defendant's negligence to support plaintiffs' claim on appeal that the jury verdict of no cause of action was against the great weight of the evidence.

3. APPEAL AND ERROR—AUTOMOBILES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—JURY.
   The Court of Appeals will not substitute its judgment for that of a jury which found that an accident in which plaintiffs' automobile was struck in the rear by defendant's automobile was caused by the contributory negligence of the plaintiff-driver.

REFERENCES FOR POINTS IN HEADNOTES

[1] 8 Am Jur 2d, Automobiles and Highway Traffic § 1011.
[2] 8 Am Jur 2d, Automobiles and Highway Traffic § 1002.
[3] 5 Am Jur 2d, Appeal and Error § 833 *et seq.*
[4] 38 Am Jur, Negligence §§ 215–227.
[5] 31 Am Jur, Expert and Opinion Evidence § 1.
[6] 53 Am Jur, Trial § 513.

4. APPEAL AND ERROR—ARGUMENT—LAST CLEAR CHANCE.

Claim of plaintiffs that they should have been allowed to argue the rule of last clear chance to the jury in a negligence case *held*, without merit, where the rule was presented to the jury by the trial court and where it is not certain that the rule would apply in plaintiffs' favor, given the facts of the case.

5. WITNESSES—OPINION—POLICEMAN—AUTOMOBILES.

Testimony of a policeman that he did not check the "speed too fast" box in his report of an automobile accident because he did not think speed was the cause of the accident although he did think defendant was driving too fast for conditions *held*, not to constitute an opinion as to the cause of the accident.

6. TRIAL—CLOSING ARGUMENT—PREJUDICE.

Statement in defendant's closing argument that a witness whose testimony would be largely cumulative was not called because the jury had already been held over a day and would not attempt to keep them any longer *held*, not to be so prejudicial as to deprive plaintiffs of a fair trial, where plaintiffs did not request an instruction to cure the alleged damage caused by the remarks.

Appeal from Wayne, Thomas J. Foley, J. Submitted Division 1 April 10, 1969, at Detroit. (Docket No. 4,895.) Decided April 23, 1969. Leave to appeal denied December 18, 1969. See 383 Mich 753.

Complaint by John H. Edwards and Delores Frances Edwards against Hazen S. Kreps for personal injuries and property damage sustained in an automobile collision. Verdict and judgment for defendant. Plaintiffs appeal. Affirmed.

*Sheldon L. Miller* (*Frances R. Avadenka*, of counsel), for plaintiffs.

*Martin, Bohall, Joselyn, Halsey & Rowe* (*Walter J. Zotter*, of counsel), for defendant.

BEFORE: Lesinski, C. J., and Fitzgerald and V. J. Brennan, JJ.

Fitzgerald, J. Driving east on Colgate street in Dearborn Heights on a snowy night, Delores Edwards stopped at Telegraph road which has four southbound lanes separated by a median from four northbound lanes. She crossed the southbound lanes and stopped again in the median. After making an observation of on-coming traffic to her right, she swung across three of the four lanes at 15 miles per hour, whereupon she was struck in the rear of her automobile by defendant about 50 feet north of Colgate street. Defendant's first observation of plaintiff was allegedly made 80 feet away while he was driving at 35 miles per hour. He applied his brakes, but skidded on the packed snow and could not avoid the collision. Plaintiff-driver was seriously injured and, with her husband, sued defendant in the Wayne county circuit court. The trial court denied their motion for a directed verdict and the jury returned a verdict of no cause of action in favor of defendant.

The denial of plaintiffs' motion for a directed verdict of negligence was not error. Jury questions remaining after the proofs were offered included the alleged failure of plaintiff-driver to yield the right-of-way which then created an emergency situation for defendant. Evidence presented by plaintiffs revealed that the only approaching car observed on Telegraph was 1000 feet south when she began her turn. She pleaded the rear-end statute[1] demanding application of its presumption of negligence and made the additional argument that a driver pro-

---

[1] CLS 1961, § 257.402 (Stat Ann 1968 Rev § 9.2102). Note limitations on recovery in subsection (b) where vehicle driven at night was not reasonably visible to approaching drivers.

ceeding on a favored highway must nonetheless keep a safe lookout. *McGuire* v. *Rabaut* (1958), 354 Mich 230. Many facts remained unresolved. One concerned whether the plaintiff as an unfavored driver did anything which would have called the attention of the defendant to her presence in his right-of-way on a dark, snowy night. *DePriest* v. *Kooiman* (1967), 379 Mich 44. Resort to the jury was proper to determine if her presence should have been obvious to the defendant.

Evidence presented by plaintiffs also alleged that their car was on Telegraph road in plain view for a full 3 seconds before defendant saw it, so that he negligently did not see in time what was there to be seen. This is not sufficient proof of defendant's negligence to support plaintiffs' appeal here that the jury verdict was against the great weight of the evidence given defendant's own substantial arguments set forth above. Also, the unsuccessful attempt of the defendant to avoid the emergency appears to have been that of a reasonably prudent driver. *Noyce* v. *Ross* (1960), 360 Mich 668. We will not substitute our judgment for that of the jury which found that the accident was caused by the contributory negligence of the plaintiff-driver.

Plaintiffs' motion, made at the close of all proofs, to amend the pleadings to include the doctrine of "last clear chance"[2] was denied as being tardy. However, the trial court later included the rule in its instructions to the jury. Plaintiffs here aver that they should have been allowed to argue the rule to the jury, but this argument is without merit, both because the rule was presented to the jury by the court and because we are not positive that it would apply in their favor, given the facts of the case.

---

[2] *Shafkind* v. *Kroll* (1962), 367 Mich 42.

Certainly no prejudicial and reversible error is shown.

A patrolman called by plaintiff testified on cross-examination that he did not check the "speed too fast" box in his report of the accident as he did not think speed was the cause of the accident, despite his testimony on direct examination that he thought defendant was driving too fast for conditions. This did not constitute an opinion as to the cause of the accident, so even if plaintiffs' argument that a patrolman may not give his opinion as to the cause of the accident is correct, it is not relevant here. *Dudek v. Popp* (1964), 373 Mich 300. Also, they did not offer timely objection to the questioning. *Washburn v. Lucas* (1964), 373 Mich 610.

In his closing argument, counsel for defendant stated that he didn't call defendant's wife as a witness as he thought her testimony would be largely cumulative and that, since the jury had already been held over a day, he would not attempt to keep them any longer. We do not find this statement, or a similar one by the trial court, to be so prejudicial as to deprive plaintiffs of a fair trial and note that, although plaintiffs objected, they did not request an instruction to cure the alleged damage caused by the remarks. *Kujawski* v. *Boyne Mountain Lodge, Inc.* (1967), 379 Mich 381.

Affirmed. Costs to appellees.

All concurred.