GRAY *v.* HICKMAN

1. AUTOMOBILES—ACCIDENT—CONFLICTING TESTIMONY—JURY.
   How and why an automobile accident occurred was a question for a jury where the testimony of the parties conflicted.

2. NEGLIGENCE—AUTOMOBILES—REAR-END COLLISION—DOUBLE PARKING.
   A jury could properly find a defendant motorist free from negligence where it found as a fact that the vehicle in which plaintiff was sitting was double parked when it was struck in the rear by defendant's automobile.

3. APPEAL AND ERROR—COURT OF APPEALS—JURY.
   The Court of Appeals will not substitute its judgment for that of a jury.

4. NEGLIGENCE — DUE CARE — AUTOMOBILES — UNLIGHTED — DOUBLE PARKING.
   A jury could properly conclude that a plaintiff failed to exercise due care when she entered and remained alone in an unlighted car at night while that car was double parked on a snow covered street in a moving lane of traffic.

Appeal from Wayne, George E. Bowles, J. Submitted Division 1 February 4, 1970, at Detroit. (Docket No. 6,732.) Decided February 23, 1970. Rehearing denied April 8, 1970.

Complaint by Bernice Gray and Maurice Gray against James Edward Hickman, Lee Talbert and

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 1012–1017.
[2] 7, 8 Am Jur 2d, Automobiles and Highway Traffic §§ 236, 814,
[3] 5 Am Jur 2d, Appeal and Error §§ 834, 838,

Ivy Talbert for injuries resulting from an automobile collision. Judgment of no cause of action. Plaintiffs appeal. Affirmed.

*Samuel A. Turner*, for plaintiffs.

*Roy P. Nelson*, for defendants.

Before: Levin, P. J., and J. H. Gillis and Bronson, JJ.

Per Curiam. On the evening of December 16, 1963, at approximately 10 p.m., a car driven by defendant Hickman struck the rear of a car parked on 12th street in the city of Detroit. The parked car was occupied by plaintiff Bernice Gray. Plaintiff was injured and, with her husband, sued defendant Hickman in the Wayne county circuit court. The jury returned a verdict of no cause of action. Following the denial of their motion for new trial, plaintiffs appeal, contending that the verdict is contrary to the evidence.

At the point of impact 12th street is a one-way street, with three lanes for moving traffic and one for parking. Plaintiff testified that immediately before the accident she left a restaurant located on 12th street and then entered the parked car. Plaintiff claimed that the car in which she was sitting when struck was parked at the curb of 12th street. Defendant Hickman testified that before the accident he was traveling at 20–25 miles per hour in the lane adjacent to the parking lane. Hickman further testified: "This car was parked, double parked there, no lights on it, and I hit a pack of ice and skidded into the car; that's all." It also appears from the record that plaintiff was alone in the parked car when the accident occurred.

At the close of the proofs, the trial court instructed the jury on both the issue of the claimed negligence of defendant and the alleged contributory negligence of plaintiff. Also, by agreement of the parties, the jury was instructed to return a verdict for plaintiff if it found that the car in which plaintiff was seated was parked in the curb lane and that it was struck in the rear by defendant.

In light of the parties' conflicting testimony, the question of how and why the accident occurred was for the jury. *Coburn* v. *Goldberg* (1949), 326 Mich 280. It is apparent from the verdict that the jury chose to believe defendant and found as a fact that the vehicle in which plaintiff was sitting was double parked when struck by defendant. In light of this finding, the jury could then, on the evidence presented, properly find defendant free from negligence. We will not substitute our judgment for that of the jury. *Schmidt* v. *Robinet* (1965), 2 Mich App 45; *Edwards* v. *Kreps* (1969), 17 Mich App 182. Also, in our opinion, the jury could properly conclude from the evidence that plaintiff failed to exercise due care in that she entered and remained alone in an unlighted car at night while that car was parked on a snow covered street in a moving lane of traffic. *Hendershot* v. *Kelly* (1968), 11 Mich App 173.

Affirmed. Costs to defendants.