GRABOWSKI v. SELMAN

POMEROY v. SELMAN

1. AUTOMOBILES—NEGLIGENCE—POLICE VEHICLE—QUESTION OF FACT.
   The question of a truck driver's negligence was for a jury where the favorable-to-defendant view shows that a traffic light controlling the intersection was green for the driver, that as he approached the intersection he was traveling lawfully, that his speed was 10 to 15 miles per hour, that his view toward the direction of plaintiff police officers' approaching police car was obstructed until he reached a point so near the intersection that he had very little time and distance to avoid collision with the police vehicle crossing the intersection against the traffic light, that the windows on the truck were closed, and that neither the police vehicle's siren nor its flasher were operating.

2. AUTOMOBILES—EMERGENCY VEHICLES—SAFETY.
   The driver of an emergency vehicle must proceed with due regard for the safety of all persons using the highway. (MCLA §§ 257.603[c], 257.653[b]).

3. AUTOMOBILES—INSTRUCTIONS TO JURY—EMERGENCY VEHICLES—SAFETY.
   Instruction to jury that just because a police officer was in the center of an intersection did not mean that two other police officers in an emergency vehicle could go through that intersection if they knew or should have known that an accident would happen was proper since it is an obvious reference to the duty of reasonable care for the safety of others under all the circumstances.

Appeal from Wayne, Nathan J. Kaufman, J. Submitted Division 1 June 3, 1970, at Detroit. (Docket Nos. 7,021, 7,022.) Decided June 30, 1970.

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 8 Am Jur 2d, Automobiles and Highway Traffic § 754 et seq.
   Liability arising from accidents involving police vehicles.   83
   ALR2d 383.

Complaints by Ronald Pomeroy and Louis Grabowski against William Selman for injuries sustained in an automobile collision. Verdict and judgment for defendant. Plaintiffs appeal. Affirmed.

*Maile, Leach & Schreier,* for plaintiffs.

*Alexander, Buchanan & Conklin (Donald E. Miller,* of counsel), for defendant.

Before: J. H. GILLIS, P. J., and LEVIN and BORRADAILE,* JJ.

PER CURIAM. These consolidated actions arose out of a collision between a Detroit police vehicle and a tractor and trailer driven by Dale Williams. The collision occurred at the intersection of Mt. Elliot and Davison Streets in Detroit on the morning of May 8, 1963. Plaintiffs, Detroit police officers, were traveling north on Mt. Elliot on an emergency run. Dale Williams, defendant Selman's employee, was traveling west on Davison. At the conclusion of defendant's proofs, plaintiffs moved for a directed verdict on the basis of Williams' negligence as a matter of law. This motion was denied and the trial judge submitted the case to the jury. From a verdict of no cause of action, plaintiffs appeal.

Plaintiffs first contend that the trial court erred in submitting the issue of Williams' negligence to the jury. We find no error, since it cannot be said upon favorable-to-defendant view of the evidence that all reasonable men would agree Williams was guilty of negligence. *Ingram* v. *Henry* (1964), 373 Mich 453. Giving the defendant the benefit of all conflicts and inferences, *Blazo* v. *Neveau* (1969), 382 Mich 415, favorable view shows that the traffic light controlling

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the intersection was green for Williams; that, as he approached the intersection, he was traveling lawfully. Williams' speed was estimated by one eyewitness at 10 to 15 miles per hour. There was testimony from which the jury could find that Williams' view toward the direction of the approaching police car was obstructed until he reached a point so near the intersection that he had very little time and distance to avoid collision with a vehicle crossing the intersection against the traffic light. Additional eyewitness testimony tended to show that the windows on Williams' truck were closed. Moreover, Stanley Mroz testified that although he observed the police car immediately before the accident, neither the vehicle's siren nor its flasher were operating. While this testimony was contradicted by other witnesses, it was for the jury to decide whether, in fact, the siren and flasher were working at the time. Likewise, whether Officer Perry was in the center of the intersection directing traffic to stop, as claimed by plaintiffs, and whether his presence should have been obvious to Williams were disputed factual issues for resolution by the trier.

We conclude on favorable-to-defendant view of the testimony that the question of Williams' negligence was for the jury. *City of Lansing* v. *Hathaway* (1937), 280 Mich 87; *City of Bay City* v. *Carnes* (1966), 3 Mich App 623; *cf. Archer* v. *Melton* (1969), 15 Mich App 476; *Edwards* v. *Kreps* (1969), 17 Mich App 182.

Plaintiffs next complain of the following language in the court's charge:

"Now, you heard some testimony of the police officer, Mr. Perry, being in the middle of the street. Just because the police officer was there does not mean that the plaintiffs, Mr. Grabowski and Mr. Pomeroy, could go through the intersection, if they

knew or should have known that an accident would happen.

"Obviously, they don't have to do it, if the police officer waved them ahead, if they know there's going to be an accident."

Plaintiffs contend that this instruction was a misstatement of the law. We find no error.

Under MCLA § 257.653(b) [Stat Ann 1968 Rev § 9.2353(b)], the driver of an emergency vehicle must proceed "with due regard for the safety of all persons using the highway." See also MCLA § 257.603(c) [Stat Ann 1968 Rev § 9.2303(c)]. What is required is reasonable care for the safety of others under all the circumstances. The challenged instruction is an obvious reference to this duty of care. By his charge, the trial judge informed the jury that one circumstance to be considered in resolving the issue of plaintiffs' alleged contributory negligence was the presence of Officer Perry in the intersection, who, as claimed by plaintiffs, waived the approaching officers through the intersection.** The court continued:

"That's why I told you to place yourself in the position of Officers Grabowski and Pomeroy at that time and that place under all the circumstances then and there existing, before coming to a final conclusion."

Considered in its entirety, the charge was a correct statement of the law.

Nor do we find the challenged instruction to be prejudicially repetitious. *Eastman* v. *Ann Arbor Railroad Company* (1966), 4 Mich App 540.

Judgments affirmed. Costs to defendant.

---

** Officer Perry testified at trial, however, that he did not think he waived the police car through the intersection.