LUCAS *v* CARSON

1. AUTOMOBILES—REAR-END COLLISION—PRESUMPTION OF NEGLIGENCE —REBUTTAL—EVIDENCE.

Evidence required to rebut the presumption of negligence arising from the rear-end collision statute as a matter of law must be positive, unequivocal, strong, and credible (MCLA 257.402).

2. AUTOMOBILES — NEGLIGENCE — REAR-END COLLISION — REBUTTING PRESUMPTIONS — EVIDENCE.

Plaintiff in an automobile negligence case was not entitled to a directed verdict on the issue of defendant's negligence even though defendant violated the rear-end collision statute where defendant contended that she was driving at all times in a reasonable and prudent manner because there was sufficient evidence to generate a jury question regarding the rebutting of the statutory presumption of negligence.

3. AUTOMOBILES—ASSURED CLEAR DISTANCE—FOLLOWING TOO CLOSE-LY—STATUTES.

The statutory rule requiring operation of an automobile so as to be able to stop in the assured clear distance ahead and the statutory rule against following too closely must be reasonably construed and exceptions to the statutory edicts have been created to accomplish justice, including bringing the assured-clear-distance rule and following-too-closely rule to qualification by the test of due or ordinary care, exercised in the light of the attending conditions (MCLA 257.627, 257.643).

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 8 Am Jur 2d, Automobiles and Highway Traffic § 773 *et seq.* Driver's failure to maintain proper distance from motor vehicle ahead. 85 ALR2d 613.
[5] 4 Am Jur 2d, Appeal and Error § 47 *et seq.*
[6, 7] 8 Am Jur 2d, Automobiles and Highway Traffic § 935 *et seq.*

4. AUTOMOBILES—NEGLIGENCE—ASSURED CLEAR DISTANCE—FOLLOW-
ING TOO CLOSELY—QUESTION OF FACT—EVIDENCE.

　　Whether defendant had violated the assured-clear-distance stat-
　　ute and the following-too-closely statute were questions of
　　fact where there was some evidence that defendant was opera-
　　ting her vehicle in a reasonable and prudent manner.

5. APPEAL AND ERROR—REVIEWING VERDICT.

　　An appellate court, in reviewing a verdict, will not reverse the
　　jury merely because it is possible or even probable that the
　　appellate court would have reached a different conclusion had
　　it been the trier of facts, at least where there is testimony to
　　support the verdict.

6. AUTOMOBILES—NEGLIGENCE—EVIDENCE—TRAFFIC CONVICTION—AD-
MISSIBILITY.

　　Evidence of a traffic conviction is inadmissible as substantive
　　evidence in civil actions (MCLA 257.731).

7. AUTOMOBILES—NEGLIGENCE—EVIDENCE—TRAFFIC TICKET.

　　The fact that a party *was issued* a traffic ticket is not barred
　　from evidence by statute, court rule, or case law.

Appeal from Calhoun, Ronald M. Ryan, J. Sub-
mitted Division 3 February 1, 1972, at Grand Rapids.
(Docket No. 10776.) Decided February 24, 1972.

Complaint by Winnie L. Lucas against Otis and
Beatrice Carson for damages for injuries received
in an automobile accident. Judgment for defend-
ants. Plaintiff appeals. Affirmed.

*Sloan & McCarthy,* for plaintiff.

*Sullivan, Hamilton, Ryan & Schulz,* for defend-
ants.

Before: FITZGERALD, P. J., and R. B. BURNS and
HOLBROOK, JJ.

FITZGERALD, P. J. Plaintiff appeals as of right from
a judgment entered on October 26, 1970, pursuant
to a jury verdict of no cause of action in favor of de-
fendants, rendered on September 30, 1970.

At approximately 5:30 p.m. on the afternoon of October 29, 1967, plaintiff was seated in the right front seat of an automobile which had stopped for a traffic signal at an intersection in Battle Creek. While stopped for the traffic signal, the car in which plaintiff was riding was struck from behind by another vehicle owned by defendant Otis Carson and being driven by defendant Beatrice Carson. It had been raining most of the day, and the pavement was wet at the time of the accident. The resulting impact caused plaintiff to be thrown frontward and backward and broke the front bench-type seat of plaintiff's vehicle.

After the accident, plaintiff complained of neck pain and was x-rayed and treated at the emergency room of a local hospital. X-rays at this time showed moderately-advanced degenerative arthritic changes in the cervical spine which most likely antedated the date of the accident. Plaintiff was treated symptomatically at this time for acute cervical strain.

Defendant stated that she was following at least two car lengths behind plaintiff's vehicle. She had her lights and windshield wipers working and had made several stops previously and had experienced no sliding or skidding on the wet pavement. She stated she was not watching the lights of plaintiff's vehicle, but was watching the car itself, that she observed said vehicle come to a stop, that she then applied and pumped her brakes, but her vehicle inexplicably slid into the rear of plaintiff's stopped car.

Defendant estimated her speed prior to the accident at approximately 15–20 miles per hour and stated that given her speed and her following distance, she believed she should have been able to stop in time to avoid a collision, except for the unexpected and unexplained slipperiness which caused

her vehicle to skid. Although testimony by the investigating police officer adverted to the fact that an accumulation of oil on the highway can sometimes result in slippery patches at the onset of a rain, there was no testimony in this case which indicated that such a condition existed at the time and place of the collision. Furthermore, this officer testified that the oil slicks are usually washed away after the first hour or so of rain.

An orthopedist who treated plaintiff for some time following the accident testified that plaintiff first complained of back pain on December 5, 1967. Since plaintiff's complaint of low back pain and diminished capacity resulting therefrom constituted the gravamen of her action, defendants sought to show that since plaintiff's complaint of back pain followed the accident by over one month, it was unlikely that said back ailment was causally related to the collision. The witness stated that in his opinion plaintiff's symptoms of neck discomfort seemed definitely related to the accident, but added that it was conceivable that plaintiff's pre-existing arthritic condition was aggravated by the accident. Testimony of other treating physicians was conflicting, creating a large number of questions for jury consideration.

Plaintiff also produced testimony of several friends and acquaintances who commented upon plaintiff's diminished capacity due to back pain following the accident.

After the jury verdict in favor of defendants, plaintiff moved for a new trial claiming that the verdict was contrary to law and against the great weight of the evidence. The trial court denied plaintiff's motion and appeal followed.

The issues will be treated *in seriatim:*

1. *Did the trial court err in refusing to grant plaintiff a directed verdict?*

Plaintiff's complaint alleged that defendants violated the following statutory provisions: MCLA 257.627; MSA 9.2327 (assured clear distance statute); MCLA 257.643; MSA 9.2343 (following too closely); and MCLA 257.402; MSA 9.2102 (rear-end collision raising presumption of negligence). The trial court properly instructed the jury regarding the contents of these statutes and the legal effect of a jury finding that defendant Beatrice Carson had violated any or all of the said statutes. At the close of plaintiff's evidence, plaintiff's attorney moved for a directed verdict on the ground that defendants were negligent as a matter of law. This motion was denied by the trial judge. Plaintiff renewed her motion at the conclusion of defendants' evidence and the motion was again denied. Plaintiff now contends that the trial court's denial of these motions constituted prejudicial error.

In reviewing the trial court's denial of a directed verdict in favor of plaintiff, the evidence must be viewed in the light most favorable to defendants. *McKinney* v *Anderson*, 373 Mich 414 (1964). If the evidence, when so viewed, could lead reasonable men honestly to reach different conclusions upon the questions presented, the issue is one for the jury and not for the court. *Anderson* v *Gene Deming Motor Sales, Inc,* 371 Mich 223 (1963). Utilizing this standard, and following the format in defendants' brief, the questions presented by plaintiff's first issue will be discussed under two general topics.

A. MCLA 257.402; MSA 9.2102 (Rear-end Collision Raising Presumption of Negligence).

Under this statute, a motorist who collides with the rear end of another vehicle traveling ahead and in the same direction is presumed negligent. Both parties admit that this statute was applicable under the facts pertaining in the case at bar. The pre-

sumption raised by this statute is, of course, a rebuttable one. *Garrigan* v *LaSalle Coca-Cola Bottling Co,* 362 Mich 262 (1961); *Patzer* v *Bowerman-Halifax Funeral Home,* 370 Mich 350 (1963). However, the usual grounds relied upon for rebuttal of this presumption are encompassed in the so-called "sudden emergency doctrine", which does not appear in the instant case.

Defendants contend, however, that the "sudden emergency doctrine" is not the sole basis for rebutting the presumption of negligence arising from the rear-end collision statute.

The general rule appears to be that evidence required to rebut this presumption *as a matter of law* should be positive, unequivocal, strong, and credible. *Krisher* v *Duff,* 331 Mich 699 (1951); *Petrosky* v *Dziurman,* 367 Mich 539 (1962). In the case at bar, defendant driver contended that she was at all times driving in a reasonable and prudent manner.

Although the issue presented here is a close one, the trial court was correct in its decision that there was sufficient evidence on the issue of reasonable care to present a factual consideration for the jury and to preclude a directed verdict for plaintiff as a matter of law. Although the statutory presumption of negligence was certainly not rebutted by defendants' evidence as a matter of law, the trial court decided that there was sufficient evidence at least to generate a jury question regarding rebutting of the presumption.

    B. MCLA 257.627; MSA 9.2327 (Assured Clear Distance Statute), and MCLA 257.643; MSA 9.2343 (Following Too Closely).

The following quotation from *Hackley Union Nat'l Bank & Trust Co* v *Warren Radio Co,* 5 Mich App 64, 71 (1966), indicates the current standard

applicable to interpretation of the above-cited statutes:

"Whereas, at one time, the application of the statute (assured clear distance) was strictly construed and applied as evidenced by the rule in the case of *Lewis* v *Yund,* 339 Mich 441 (1954), recent cases indicate that the statute must be reasonably construed and exceptions to the statutory edict have been created to accomplish justice, including bringing the assured clear distance rule to qualification by the test of due or ordinary care, exercised in the light of the attending conditions. *Sun Oil Company* v *Seamon,* 349 Mich 387 (1957); *Nass* v *Mossner,* 363 Mich 128 (1961); *Dismukes* v *Michigan Express, Inc,* 368 Mich 197 (1962)."

See *Hendershot* v *Kelly,* 11 Mich App 173 (1968). The qualification applying to the assured-clear-distance statute as enunciated in the above quotation is also applicable to the rule against following too closely. *Hendershot* v *Kelly, supra.*

Since there was at least some evidence that defendant driver was operating her vehicle in a reasonable and prudent manner prior to the accident, the question of whether or not defendant violated one or both of these statutes was properly a factual one for the jury to resolve.

*2. Was the verdict of no cause for action rendered by the jury manifestly contrary to the great weight of evidence?*

Plaintiff secondly contends that the jury verdict was manifestly contrary to the great weight of evidence, arguing that the jury, in returning its verdict of no cause for action, must have concluded that there was no *negligence* on defendants' part, since plaintiff contends that a hospital bill incurred by plaintiff for emergency-room treatment following the accident clearly demonstrates the element of *damages.*

It is unfortunate that a special verdict under GCR 1963, 514 was not rendered in the case at bar. Since only a general verdict was returned, it is impossible to state with certainty whether the jury found that defendants were not negligent, or if negligent, that said negligence was not a proximate cause of the accident, or, if defendants were negligent and said negligence was a proximate cause of the accident, whether plaintiff suffered no damage as the result.

In reviewing a jury verdict, the appellate court will not reverse the jury merely because it is possible or even probable that the appellate court would have reached a different conclusion had it been the trier of facts, at least where there is testimony to support the jury verdict.

3. *Did the trial court err in excluding evidence regarding a traffic ticket to defendant, Beatrice Carson, as a result of the collision with plaintiff's automobile?*

Plaintiff claims she, suffered prejudicial harm as a result of the trial court's action in striking as not relevant certain testimony by a district court clerk regarding a traffic ticket which defendant received as a result of the accident, and in instructing the jury to disregard said testimony. Considerable testimony and colloquy preceded the court's ruling. Evidence of a traffic conviction is inadmissible as substantive evidence in civil actions. MCLA 257.731; MSA 9.2431 states:

"No evidence of the conviction of any person for any violation of this chapter or of a local ordinance pertaining to the use of motor vehicles shall be admissible in any court in any civil action."

See, also, *Dudek v Popp,* 373 Mich 300 (1964). Evidence of defendants' conviction of the traffic violation was therefore properly excluded by the trial court

in the instant case. Such evidence could have been utilized on plaintiff's cross-examination of defendant driver, but that was not done in the case at bar. See GCR 1963, 607; *Sting* v *Davis*, 384 Mich 608 (1971); *Taylor* v *Walter*, 384 Mich 114 (1970), *on rehearing* 385 Mich 599 (1971). See, also, *Zimmerman* v *Goldberg*, 277 Mich 134 (1936). A further consideration is that the ordinance in question had not been properly pleaded.

The fact that a party *was issued* a traffic ticket is not barred from evidence by statute, court rule, or case law. *Dudek* v *Popp, supra.* However, plaintiff has no cause to complain in this regard since the transcript clearly shows that evidence concerning issuance of a traffic citation to defendant Beatrice Carson following the accident in question was properly presented during the trial. The investigating officer testified as follows:

"*Q.* [*by plaintiff's attorney*]: Now as a result of your investigating the accident, was any citation issued?

"*A.* Yes, there was.

"*Q.* And who was the citation issued to, and for what reason?

"*A.* The citation was issued to Beatrice Carson for violation of the basic speed law."

The above testimony was neither objected to nor stricken and must therefore be regarded as having been before the jury during its deliberation. It thus appears that plaintiff received all of the evidence to which she was entitled under the instant facts.

An extensive review of the record in the instant, admittedly close, case leads us to affirm the trial court for the reasons herein stated.

Affirmed. Costs to appellees.

All concurred.