*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PHILLIP STRUBLE and RHONDA STRUBLE,

        Plaintiffs-Appellants,

v

ADAM ROGERS, FRONTIER
COMMUNICATIONS OF AMERICA, INC., and
FRONTIER COMMUNICATIONS CORPORATE
SERVICES, INC.,

        Defendants-Appellees,

and

GELCO CORPORATION,

        Defendant.

UNPUBLISHED
February 22, 2024

No. 365152
Muskegon Circuit Court
LC No. 2019-001842-NI

Before: PATEL, P.J., and K. F. KELLY and RIORDAN, JJ.

PER CURIAM.

In this automobile negligence action, plaintiffs, Phillip and Rhonda Struble, appeal as of right the trial court's order denying their motion for judgment notwithstanding the verdict (JNOV) and new trial following a jury verdict in favor of defendants, Adam Rogers, Frontier Communications of America, Inc., and Frontier Communications Corporate Services, Inc.[1] Finding no error requiring reversal, we affirm.

---

[1] Defendant Gelco Corporation was dismissed with prejudice before the trial and thus is not a party to this appeal.

-1-

# I. BACKGROUND

On August 21, 2018, plaintiff Rhonda Struble was driving north on US-31 in Muskegon County. Her husband, plaintiff Phillip Struble, was in the front passenger seat and their 11-year-old granddaughter was in the rear seat on the driver's side. Defendant Rogers was driving directly behind plaintiffs' vehicle in his work van.[2] As they approached the I-96 interchange, vehicles in front of plaintiffs' car were slowed or stopping. In particular, a small green car directly in front of plaintiffs' car slowed down, causing Rhonda to brake "fairly quickly." Defendant was unable to stop in time, and his work van struck the rear of plaintiffs' vehicle, pushing it into the green car.

Plaintiffs filed this negligence action against defendants. Before trial, plaintiffs filed a motion in limine to preclude evidence of a sudden emergency because there was no evidence of an unusual or unsuspected situation. The trial court granted the motion. The issue of defendant Rogers' negligence was a key factual question at the two-day jury trial.

Defendant testified that he was familiar with the area where the accident occurred. Because traffic tends to slow down and get congested in the right lane near the I-96 interchange of northbound US-31, defendant would typically move into the left lane as he approached the interchange to preemptively avoid the slow downs. On the date of the accident, defendant was in the right lane of northbound US-31. He glanced into his left side mirror to check if it was clear to move into the left lane. But then he noticed "the vehicles all lit up and brake lights in front of [him]." He maintained that the brake lights "lit up suddenly" and unexpectedly so he only had a very brief opportunity to brake his vehicle. He slammed on his brakes, but he was not able to stop his vehicle before striking the rear of the vehicle in front of him. He estimated that he was traveling at 60 mile per hour when he braked. Defendant did not know what caused the vehicles in front of him to suddenly brake. He did not see any accidents ahead or hear tires screeching.

Defendant testified that there were no mechanical issues with his work van at the time of the accident. It was a clear day, and his view was not obstructed. He denied that he had been drinking or was under the influence of any drugs. He further denied that he was tired or under any stress. He maintained that he was paying attention to the roadway, acting with due care, and using ordinary care for the safety of others on the roadway. He was not distracted in any manner—he was not on his cell phone or listening to the radio.

Following the impact, defendant's vehicle veered to the left, and plaintiffs' vehicle was pushed into a green vehicle in front of them. Defendant stated that the impact "totaled" his vehicle. He described the damage as "significant." The back of the plaintiffs' vehicle was "caved in." Defendant got out of his vehicle and approached plaintiffs, who were both standing outside of their vehicle. He testified that Rhonda stated, "I'm so sorry. She just stopped all of a sudden." Defendant believed that Rhonda was referring to the driver of the green car. Following the impact,

---

[2] Rogers was operating his work van in the course of his employment with Frontier Communications. Because any liability of defendants Frontier Communications of America, Inc. and Frontier Communications Corporate Services, Inc. is vicarious, the singular "defendant" refers to Rogers.

the driver of the green car was running up and down the road chasing a dog that had gotten loose from her vehicle.

Like defendant, Rhonda was familiar with the area where the accident happened. She was driving 70 miles per hour as she approached the I-96 interchange. She testified that the vehicle in front of her was slowing down, which caused her to "have to slow down quite a bit." She denied that she slammed on her brakes, but stated that she did have to brake "fairly quickly." She maintained that there was enough space between her vehicle and the vehicle in front of her that she was able to slow down and maintain the distance without an issue. As Rhonda was slowing her vehicle down, she looked in her left side mirror and her rearview mirror to check if it was clear for her to move to the left to get around the vehicle slowing down in front of her. But there was too much traffic and she was unable to switch lanes. She observed a white van approaching in her rearview mirror. Approximately one second later, she looked in her rearview mirror again and the van did not appear to be slowing down. She recalled stating out loud, "he's not going to stop" or "he's not slowing down." Immediately after she made her statement, the white van struck the rear of plaintiffs' vehicle. Rhonda estimated that three seconds passed between the time she initially observed the white van and the impact. The impact thrust plaintiffs' vehicle into the green vehicle directly in front of them. Plaintiffs' vehicle spun after the impact. When it came to a rest, it was in the northbound lanes facing southbound. Rhonda denied having any conversations with defendant after the accident.[3]

Phillip testified that the traffic was fast on the day of the accident. He estimated that vehicles generally average 80 miles per hour on that stretch of road. He acknowledged that he previously testified at his deposition that the traffic was "heavy and fast" at the time of the accident, but maintained traffic was not heavy. He stated that Rhonda stopped "fairly quickly" for a vehicle in front of them. He heard Rhonda state "he's not going to stop" and then the rear of their vehicle was hit. Just before the impact, Phillip saw Rhonda look at her left side mirror to try to move to the left.

At the conclusion of plaintiffs' proofs, they moved for a directed verdict on the issue of defendants' negligence.[4] Relying on MCL 257.402, plaintiffs argued that reasonable jurors could not differ that defendants were negligent as a result of the rear-end collision. Defendants argued that there was merely a presumption, not proof, of negligence under MCL 257.402. Defendants asserted that defendant Rogers testified that he was paying attention, was not distracted, was not under the influence of any drugs or alcohol, and was using ordinary care for the safety of all others around him at the time of the collision. Based on this testimony, defendants maintained a jury could conclude there was no proof of negligence. The trial court denied plaintiffs' motion, concluding that it was a fact issue to be determined by the jury. The jury ultimately concluded

---

[3] Phillip Struble did not hear any conversations between Rhonda and defendant.

[4] Plaintiffs also moved for a directed verdict on whether Rhonda suffered an injury and whether defendants' negligence was a proximate cause of her injuries. The trial court denied the motion, concluding that both of those issues were fact questions for the jury. Plaintiffs have not challenged that ruling on appeal.

that defendants were not negligent, and a judgment of no cause of action was entered in favor of defendants.

Plaintiffs filed a motion for JNOV, arguing that the verdict was inadequate and against the great weight of the evidence because defendant struck the rear of plaintiffs' vehicle and thus was presumed negligent under MCL 257.402. Alternatively, plaintiffs asserted that they were entitled to a new trial because discussions with the jury after the trial made it evident that the jury was persuaded to find a degree of fault against the driver of the green vehicle, but that person was not a party to the action and a notice of non-party fault was not filed. Plaintiffs asserted that members of the jury allegedly inquired why the driver of the green vehicle was not present at trial and also allegedly inquired why a police report was not included in the evidence.[5] Defendants maintained that there was sufficient evidence to support the jury's verdict. Defendants asserted that Rogers testified that he was paying attention, acting carefully and prudently, and using ordinary care for the safety of others, but traffic stopped abruptly and, despite his aggressive braking, he was unable to avoid striking plaintiffs' vehicle. Defendants maintained that both plaintiffs acknowledged that the traffic was fast and that the vehicles had to come to a quick stop. Defendants further argued that there was no record evidence to substantiate plaintiffs' claim that jurors were perplexed by the absence of a police report or the testimony of the other driver. Following a hearing on plaintiffs' motion, the trial court denied the motion. This appeal followed.

## II. DIRECTED VERDICT AND JNOV

Plaintiffs argue that the evidence viewed in the light most favorable to defendants established that defendant Rogers violated MCL 257.627 and thus the trial court erred by denying their motions for directed verdict or for JNOV. We disagree.

## A. STANDARDS OF REVIEW

We review a trial court's ruling on a motion for a directed verdict de novo. *Moore v Detroit Entertainment, LLC*, 279 Mich App 195, 201; 755 NW2d 686 (2008). We also review a trial court's decision regarding a motion for JNOV de novo. *Hecht v Nat'l Heritage Academies, Inc*, 499 Mich 586, 604; 886 NW2d 135 (2016).

## B. DISCUSSION

A motion for a directed verdict challenges the sufficiency of the evidence. *Nahshal v Fremont Ins Co*, 324 Mich App 696, 719; 922 NW2d 662 (2018). "A party is entitled to a directed verdict if the evidence, when viewed in the light most favorable to the nonmoving party, fails to establish a claim as a matter of law[,]" *Aroma Wines & Equip, Inc v Columbian Distrib Servs, Inc*, 497 Mich 337, 345; 871 NW2d 136 (2015), and there is no material factual question upon which reasonable minds could differ, *Moore*, 279 Mich App at 202 (cleaned up). It is the factfinder's responsibility to determine the weight and credibility of the trial testimony, and the

---

[5] There is no record evidence to support the allegations regarding the discussions with the jurors after the trial. Plaintiffs did not provide transcripts, affidavits, or any other admissible evidence to the trial court.

court may not substitute its judgment for that of the jury when the evidence could lead reasonable jurors to disagree. *Moore*, 279 Mich App at 202.

A motion for JNOV should only be granted if viewing the evidence and all legitimate inferences in a light most favorable to the nonmoving party fails to establish a claim as a matter of law. *Hecht*, 499 Mich at 604. "[I]f reasonable jurors could have honestly reached different conclusions, the jury verdict must stand." *Id*. at 605-606 (cleaned up).

In this case, plaintiffs moved for a directed verdict and judgment notwithstanding the verdict on the issue of defendants' negligence. Relying on MCL 257.402, plaintiffs argued that defendants were prima facie guilty of negligence as a result of the rear-end collision. MCL 257.402(a), known as the rear-end statute, provides:

> In any action, in any court in this state when it is shown by competent evidence, that a vehicle traveling in a certain direction, overtook and struck the rear end of another vehicle proceeding in the same direction, or lawfully standing upon any highway within this state, the driver or operator of such first mentioned vehicle shall be deemed prima facie guilty of negligence. This section shall apply, in appropriate cases, to the owner of such first mentioned vehicle and to the employer of its driver or operator.

Under this statute, "a rebuttable presumption arises that the offending driver is prima facie guilty of negligence." *Vander Laan v Miedema*, 385 Mich 226, 231; 188 NW2d 564 (1971). A defendant may rebut a statutory presumption of negligence by a showing "of an adequate excuse under the facts and circumstances of the case." *Zeni v Anderson*, 397 Mich 117, 129-130; 243 NW2d 270 (1976). Relying on the Restatement of Torts, 2d, § 288A, p 33, the *Zeni* Court outlined some possible excuses, which include being "unable after reasonable diligence or care to comply[.]" *Zeni*, 397 Mich at 129 n 8 (cleaned up). The Court specifically noted that the Restatement's list is "not intended to be exclusive." *Id*. It is the trier of fact's role to determine whether the defendant "has established a legally sufficient excuse." *Id*. at 143.

Although not cited in their motion for directed verdict or their motion for JNOV, plaintiffs also argued during trial and argue on appeal that defendants violated MCL 257.627, which proscribes operating a motor vehicle at speeds faster than the established limit:

> An individual operating a vehicle on a highway shall operate that vehicle at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface, and width of the highway and of any other condition then existing at the time. An individual person shall not operate a vehicle on a highway at a speed greater than that which will permit a stop within the assured, clear distance ahead.

Our Supreme Court has directed that MCL 257.627, known as the assured-clear-distance statute must be reasonably construed. *Vander Laan*, 385 Mich at 231. "[I]t is not applicable under all circumstances where it might otherwise be literally employed. Instead, it is subject to qualification by the test of due or ordinary care, exercised in the light of the attending conditions." *Id*. (cleaned up). If at least some evidence exists that a driver operated his or her "vehicle in a

reasonable and prudent manner prior to the accident," the question of whether he or she violated the assured clear distance statute is "properly a factual one for the jury to resolve." *Lucas v Carson*, 38 Mich App 552, 558; 196 NW2d 819 (1972). The *Zeni* Court cited *Lucas* with strong approval. *Zeni*, 397 Mich at 133–135.

In *Lucas*, the defendants' vehicle "inexplicably slid into the rear of plaintiff's stopped car" while the plaintiff was stopped for a traffic signal. *Lucas*, 38 Mich App at 554.[6] The plaintiff alleged that the defendants violated MCL 257.402, MCL 257.627, and MCL 257.643.[7] *Id*. at 556. At the jury trial, the defendant driver testified that she was traveling at approximately 15 to 20 miles per hour and was following at least two car lengths behind the plaintiff's vehicle. *Id*. The defendant driver described the precautions she took and verified that all of the equipment on her vehicle was in proper working order. *Id.* The defendant driver "believed she should have been able to stop in time to avoid a collision, except for the unexplained and unexpected slipperiness which caused her vehicle to skid." *Id*. at 554-555. The trial court denied the plaintiff's motion for a directed verdict on the issue of the defendants' negligence. *Id*. at 556. The jury returned a verdict in favor of the defendants. *Id*. at 555. The plaintiff then moved for a new trial arguing that the verdict was contrary to law and against the great weight of the evidence, which the trial court denied. *Id*.

In analyzing whether the defendants had rebutted the presumption of negligence attributed to a rearend accident, the *Lucas* Court acknowledged that the sudden emergency doctrine was not applicable in that case, and concluded:

> Although the issue presented here is a close one, the trial court was correct in its decision that there was sufficient evidence on the issue of reasonable care to present a factual consideration for the jury and to preclude a directed verdict for plaintiff as a matter of law. Although the statutory presumption of negligence was certainly not rebutted by defendants' evidence as a matter of law, the trial court decided that there was sufficient evidence at least to generate a jury question regarding rebutting of the presumption. [*Id*. at 557.]

And with regard to whether defendants violated MCL 257.627 and MCL 257.643, the *Lucas* Court concluded:

> Since there was at least some evidence that defendant driver was operating her vehicle in a reasonable and prudent manner prior to the accident, the question of whether or not defendant violated one or both of these statutes was properly a factual one for the jury to resolve. [*Lucas*, 38 Mich App at 558.]

---

[6] One of the defendants owned the involved vehicle and the other defendant was driving the vehicle at the time of the accident.

[7] MCL 257.643(1) provides that "[t]he operator of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicles and the traffic upon and the condition of the highway."

In this case, plaintiffs argue that the trial court erred by denying their motions for directed verdict and JNOV because defendant violated MCL 257.402 and MCL 257.627 and thus was clearly negligent. Plaintiffs further contend that the evidence does not show a sudden emergency that would excuse the statutory violations. But the *Zeni* Court stated that the acceptable excuses to rebut a presumption of negligence are not limited to "sudden emergencies." *Zeni*, 397 Mich at 129 n8, 132-133. Defendant testified that he was not distracted, was not under the influence of any drugs or alcohol, was acting carefully and prudently, and using ordinary care for the safety of others. Defendant maintained that traffic stopped abruptly and he was unable to avoid striking plaintiffs' vehicle, despite his aggressive braking. Both plaintiffs acknowledged that Rhonda braked "fairly quickly" when the green vehicle in front of them slowed down. Defendant also testified that that Rhonda stated, "I'm so sorry. She just stopped all of a sudden." Defendant believed that Rhonda was referring to the driver of the green car. Viewing the evidence in the light most favorable to defendants, there was evidence that defendant was operating his vehicle in a reasonable and prudent manner prior to the accident and thus the question of whether defendant violated MCL 257.402 and/or MCL 257.627 was a factual question for the jury to resolve. See *Lucas*, 38 Mich App at 557-558. Accordingly, we find that the trial court did not err by denying plaintiffs' motion for directed verdict and JNOV.

## III. NEW TRIAL

Plaintiffs argue that the trial court erred by failing to address whether the verdict was against the great weight of the evidence and denying their motion for new trial. We disagree.

### A. STANDARD OF REVIEW

We review a trial court's decision to grant or deny a motion for new trial for an abuse of discretion. *Guerrero v Smith,* 280 Mich App 647, 666; 761 NW2d 723 (2008). A court abuses its discretion when its decision falls "outside the range of reasonable and principled outcomes." *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007). We give substantial deference to a court's determination that a verdict was not against the great weight of the evidence. *Guerrero,* 280 Mich App at 666.

### B. DISCUSSION

A new trial may be granted where "[a] verdict or decision [is] against the great weight of the evidence or contrary to law." MCR 2.611(A)(1)(e). "[T]he trial court's function is to determine whether the overwhelming weight of the evidence favors the losing party." *Guerrero*, 280 Mich App at 666. "A new trial may not be granted if an interpretation of the evidence logically explains the jury's findings." *Kelly v Builders Square, Inc*, 465 Mich 29, 41; 632 NW2d 912 (2001). It is the jury's role to assess witness credibility and determine how much weight should be given to testimony. *Dawe v Bar-Levav & Assoc (On Remand)*, 289 Mich App 380, 401; 808 NW2d 240 (2010). A jury's verdict may not be set aside if there is competent evidence to support it; the trial court cannot substitute its judgment for that of the factfinder unless the record reveals a miscarriage of justice. *Ellsworth v Hotel Corp of America*, 236 Mich App 185, 194; 600 NW2d 129 (1999).

In this case, as an alternative argument to their initial motion for JNOV, plaintiffs asserted that they were entitled to a new trial because their substantial rights were materially affected. Specifically, plaintiffs contended that discussions with the jury after the trial made it evident that the jury was persuaded to find a degree of fault against the driver of the green vehicle, who was not a party to the action. Plaintiffs asserted that members of the jury allegedly inquired why the driver of the green vehicle was not present at trial and also allegedly inquired why a police report was not included in the evidence. Plaintiffs did not argue for a new trial because the verdict was inadequate and against the great weight of the evidence.

After the trial transcripts were completed, plaintiffs filed a supplemental brief in support of their motion for JNOV or, alternatively, a new trial. In support of their argument for a new trial, plaintiffs asserted for the first time that they were entitled to a new trial because the verdict was inadequate and against the great weight of the evidence. But plaintiffs simply stated that their arguments in support of JNOV supported the grant of a new trial on the grounds that the verdict was inadequate and against the great weight of the evidence. Alternatively, plaintiffs argued that were entitled to a new trial because post-trial discussions with the jury established that they were denied a fair trial. Plaintiffs repeated the arguments raised in their initial motion on this issue, but did not provide any record evidence of the post-trial discussions with the jurors.

In denying plaintiffs' motion for JNOV and new trial, the trial court made the following findings:

> Plaintiffs motion for JNOV relies on the fact Defendant struck Plaintiffs vehicle from the rear in violation of MCL 257.402 which indicates that a vehicle that overtakes and strikes the rear-end of another vehicle proceeding in the same direction shall be deemed prima facia guilty of negligence.
>
> Plaintiffs and Defendant all three testified how the accident occurred. All three confirmed the Plaintiff had to come to a sudden stop due to a vehicle in front of her. This led to Defendant needing to come to a sudden stop to avoid striking Plaintiff's [sic] vehicle in the rear. He was not able to come to said stop and impacted Plaintiffs' vehicle from the rear causing the accident. All parties confirmed the accident occurred on an expressway in which traffic was traveling at approximately 70 mph and the vehicles in question had to come to a quick stop in said highway traffic.
>
> It should be noted, Plaintiff brought a motion for directed verdict at the close of their proofs on the issue of Defendant's negligence. This court denied Plaintiff's [sic] motion citing unique circumstances surrounding the accident and denied Plaintiff's [sic] motion for directed verdict on the issue of negligence allowing said issue to proceed to the jury. The standard of review on a motion for directed verdict and motion JNOV are the same. *Taylor v Kent Radiology*, 286 Mich App 499 (2009). On the issue of MCL 257.402, there is a presumption of negligence of Defendant in a rear-end accident. However, the presumption of negligence may be overcome based on testimony, facts presented to the jury, and the jury's interpretation of the same. This presumption of negligence is overcome if it is

found the Defendant used ordinary care under the circumstances notwithstanding the accident.

The jury's verdict is consistent with this finding and this court finds that after reviewing the evidence in the light most favorable to the nonmoving party the jury could honestly conclude Defendant established his claim of using ordinary care under the circumstances. Therefore, Plaintiffs motion for JNOV is DENIED.

The Plaintiffs also moves [sic] for a new trial pursuant to MCR 2.611 alleging the jury may have been confused or somehow persuaded that a degree of fault must be assigned to a nonparty and further did not understand why a police report was not admitted into evidence. These arguments are based on Plaintiffs [sic] attorney's conversations with the jury following the trial. These arguments are without merit in that they both come about by strategic decisions regarding witnesses and evidence. The appellate courts have recognized a party waives its argument in which it contributes to an alleged error by way of plan or negligence. *Farm Credit Services, PCA v Welden*, 232 Mich App 662 (1998). The evidentiary issues and arguments were part of Plaintiff's [sic] trial strategy as evidenced in his opening argument and not calling the investigative police officer. Plaintiff [sic] cannot now allege the verdict was clearly inadequate or against the great weight of evidence on these two issues raised in their motion. For this reason and those stated above, Plaintiff's [sic] motion for a new trial is DENIED.

Plaintiffs contend that the trial court erred because it did not directly address their argument that they were entitled to a new trial because the verdict was against the great weight of the evidence. Instead, the trial court focused on plaintiffs' argument regarding post-trial discussions with jurors. While the trial court did not repeat its analysis of the evidence when it addressed plaintiffs' request for new trial on the grounds that the verdict was against the great weight of the evidence, it thoroughly analyzed this issue with regard to plaintiffs' request for JNOV. As set forth in the JNOV discussion above, defendants presented sufficient competent evidence to support the jury's finding of no negligence. It was for the jury to resolve the issue of credibility. See *Dawe (On Remand)*, 289 Mich App at 401. The trial court did not abuse its discretion by denying plaintiffs' motion for a new trial.

Affirmed.

/s/ Sima G. Patel
/s/ Kirsten Frank Kelly
/s/ Michael J. Riordan